William L. Charron, wcharron@pryorcashman.com
Saritha C. Reddy, sreddy@pryorcashman.com
PRYOR CASHMAN LLP
7 Times Square
New York, NY  10036
Tel: (212) 421-4100
Fax: (212) 326-0806
*Attorneys for Defendant Jacob Time, Inc.*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

TECHNOMARINE SA, a Swiss Corporation,

                    Plaintiff,

          -against-

JACOB TIME, INC., a New York Corporation
and DOES 1-10, inclusive,

                    Defendants.

Index No. 12 Civ. 0790 (KBF)

**DEFENDANT JACOB TIME, INC.'S MEMORANDUM
OF LAW IN SUPPORT OF ITS MOTION TO DISMISS
PLAINTIFF'S COMPLAINT PURSUANT TO FED. R. CIV. P. 12(b)(6)**

## TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................................. ii

PRELIMINARY STATEMENT ........................................................................................... 1

RELEVANT ALLEGATIONS ............................................................................................. 3

ARGUMENT ........................................................................................................................ 5

    I.    PLAINTIFF'S CENTRAL ALLEGATION THAT THE WATCHES
        ARE NOT "GENUINE" BECAUSE THEY LACK PLAINTIFF'S
        STANDARD WARRANTY PROTECTION IS AN INCORRECT LEGAL
        CONCLUSION THAT THIS COURT SHOULD NOT CREDIT AS TRUE ................. 5

    II.   THE COMPLAINT'S FIRST CLAIM FOR
        TRADEMARK INFRINGEMENT SHOULD BE DISMISSED ..................................... 8

    III.  THE COMPLAINT'S SECOND CLAIM FOR FALSE
        DESIGNATION OF ORIGIN SHOULD BE DISMISSED ........................................... 10

    IV.  THE COMPLAINT'S THIRD CLAIM FOR
        TRADEMARK DILUTION SHOULD BE DISMISSED ............................................... 11

    V.   THE COMPLAINT'S FOURTH CLAIM FOR TORTIOUS
        INTERFERENCE WITH CONTRACT SHOULD BE DISMISSED ............................ 13

    VI.  THE COMPLAINT'S FIFTH CLAIM FOR COMMON
        LAW UNFAIR COMPETITION SHOULD BE DISMISSED ..................................... 16

CONCLUSION.................................................................................................................... 17

## TABLE OF AUTHORITIES

**CASES**                                                                        **PAGE(s)**

1-800 Contacts, Inc. v. WhenU.com, Inc.,
    414 F.3d 400 (2d Cir. 2005)............................................................................9

A&G Healthplans, Inc. v. National Network Servs. Consultants, Inc.,
    No. 99 CV 12153 (GBD), 2003 U.S. Dist. LEXIS 3879 (S.D.N.Y. Mar. 14, 2003)........16

Ashcroft v. Iqbal,
    129 S. Ct. 1937 (U.S. 2009)................................................... *passim*

Bel Canto Design, Ltd. v. MSS HiFi, Inc.,
    No. 11 Civ. 6353 (CM), 2011 U.S. Dist. LEXIS 146701
    (S.D.N.Y. Dec. 15, 2011)....................................................... *passim*

Bell Atlantic Corp. v. Twombly,
    550 U.S. 544 (2007)...............................................................5, 14, 15

Bijur Lubricating Corp. v. Devco Corp.,
    332 F. Supp. 2d 722 (D.N.J. 2004) ..............................................13

Camp Summit of Summitville, Inc. v. Visinski,
    No. 06-cv-4994 (M) (GAY), 2007 U.S. Dist. LEXIS 28496
    (S.D.N.Y. Apr. 13, 2007)........................................................13, 14

Goshen v. Mutual Life Insurance Co.,
    98 N.Y.2d 314, 746 N.Y.S.2d 858 (2002) .......................................7

H.L. Hayden Co. of N.Y., Inc. v. Siemens Medical System, Inc.,
    879 F.2d 1005 (2d Cir. 1989)....................................................5

Horn's, Inc. v. Sanofi Beaute, Inc.,
    963 F. Supp. 318 (S.D.N.Y. 1997) .............................................17

Independent Asset Management LLC v. Zanger,
    538 F. Supp. 2d 704 (S.D.N.Y. 2008)........................................13, 15

Jasper & Black, LLC v. Carolina Pad Co., LLC,
    No. 10 Civ. 3562 (LTS)(HBP), 2012 U.S. Dist. LEXIS 16435
    (S.D.N.Y. Feb. 9, 2012) ...................................................5, 13, 14, 15

LaChapelle v. Fenty,
    No. 11 Civ. 945 (SAS), 2011 U.S. Dist. LEXIS 80337 (S.D.N.Y. July 19, 2011)............16

**CASES**                                                            **PAGE(s)**

La Cibeles, Inc. v. Adipar, Ltd.,
    No. 99 Civ. 4129 (AGS), 2000 U.S. Dist. LEXIS 12676 (S.D.N.Y. Aug.31, 2000)........16

Masefield AG v. Colonial Oil Indus.,
    No. 05 Civ. 2231 (PKL), 2006 U.S. Dist. LEXIS 5792 (S.D.N.Y. Feb. 14, 2006)...........15

Naked Cowboy v. CBS,
    No. 11 Civ. 0942-BSJ-RLE, 2012 U.S. Dist. LEXIS 23211
    (S.D.N.Y. Feb. 22, 2012) ...............................................................................................11

Nelly De Vuyst, USA, Inc. v. Europe Cosmetiques, Inc.,
    No. 111 CV 1491 (VB), 2012 U.S. Dist. LEXIS 12981 (S.D.N.Y. Jan. 6, 2012).............16

Ortiz v. Green Bull, Inc.,
    No. 10-C 2011 U.S. Dist. LEXIS 131601 (E.D.N.Y. Nov. 14, 2011)................................9

Scott Fetzer Co. v. House of Vacuums, Inc.,
    381 F.3d 477 (5th Cir. 2004) ...........................................................................................12

Semple v. Eyeblaster, Inc.,
    No. 08 Civ. 9004 (HB), 2009 U.S. Dist. LEXIS 45349 (S.D.N.Y. May 26, 2009).....13, 15

Tiffany Inc. v. eBay, Inc.,
    600 F.3d 93 (2d Cir. 2010)...............................................................................................12

Town of New Windsor v. Avery Dennison Corp.,
    No. 10-CV-8611 (CS), 2012 U.S. Dist. LEXIS 27264 (S.D.N.Y. Mar. 1, 2012)...............9

Tri-Star Pictures, Inc. v. Unger,
    14 F. Supp. 2d 339 (S.D.N.Y. 1998)................................................................................16

Ty Inc. v. Perryman,
    306 F.3d 509 (7th Cir. 2002) ......................................................................................12, 15

WorldHomeCenter.com, Inc. v. Frankl Consumer Prods.,
    No. 10 Civ. 3205 (BSJ), 2011 U.S. Dist. LEXIS 67798 (S.D.N.Y. June 22, 2011)..........15

Zip International Group, LLC v. Trilini  Imports, Inc.,
    No. 09-CV-2437 (JG)(VVP), 2011 U.S. Dist. LEXIS 55270
    (E.D.N.Y. May 24, 2011) ...................................................................................................5

**STATUTES**                                                                    **PAGE(s)**

Fed. R. Evid. 201 ...........................................................................................................9

Fed. R. Civ. P. 8(a) .............................................................................................3, 6, 12

Fed. R. Civ. P. 12(b)(6)..............................................................................................*passim*

N.Y. GBL § 369-b ...................................................................................... *passim*

15 U.S.C. § 1114(a) .......................................................................................................8

15 U.S.C. § 1125(a) .....................................................................................................10

15 U.S.C. § 1125(c) ......................................................................................................11

15 U.S.C. § 1125(c)(1).................................................................................................11

15 U.S.C. § 1125(c)(2)(B) ...........................................................................................11

15 U.S.C. § 1125(c)(2)(C) ...........................................................................................11

**TREATISE**

GBL § 369-b, Richard A. Givens, Practice Commentaries, <u>McKinney's Consol. Laws of
    N.Y.</u>, Vol. 19...................................................................................................7

Defendant Jacob Time, Inc. ("Jacob Time" or "Defendant"), by its counsel Pryor Cashman LLP, respectfully submits this memorandum of law in support of its motion to dismiss the Complaint filed on January 24, 2012 by plaintiff TechnoMarine SA ("Plaintiff"), pursuant to Fed. R. Civ. P. 12(b)(6).

## PRELIMINARY STATEMENT

This is a "gray market" case concerning Defendant's sale of TechnoMarine watches (the "Watches") from New York over the Internet.  Plaintiff alleges itself to be, among other things, the foreign manufacturer and exclusive distributor of the Watches.  According to Plaintiff, only "authorized retailers" are permitted by Plaintiff's contracts to sell the Watches.  Plaintiff brings this action against Defendant because Defendant is not one of Plaintiff's authorized retailers.  Plaintiff concludes that unnamed "Doe" defendants – *i.e.*, certain of Plaintiff's authorized retailers – have breached their contracts with Plaintiff by selling the Watches to Defendant for resale in the U.S.

The central thesis of Plaintiff's Complaint is that the Watches cannot legally be deemed "genuine" TechnoMarine products because Plaintiff refuses to honor its standard warranty for any watches that are sold by unauthorized dealers (such as Defendant).  As an allegedly "non-genuine" product, Plaintiff asserts that Defendant's sales of the Watches are likely to cause consumer confusion with "genuine" TechnoMarine timepieces.  Plaintiff additionally alleges that consumers are likely to be confused as to whether Defendant is one of Plaintiff's authorized dealers.

Through such reasoning, Plaintiff brings three claims arising under various provisions of the Lanham Act (*i.e.*, for trademark infringement, false designation of origin, and trademark dilution), and two supplemental state law claims (*i.e.*, for tortious interference with contract and

common law unfair competition).  Plaintiff relies on the alleged existence of likely consumer confusion arising out of Defendant's sales of the Watches in stating each of the claims in the Complaint.  (The trademark dilution claim does not require a showing of consumer confusion but does require Plaintiff to prove the existence of a non-genuine mark that is blurring or tarnishing the distinctiveness of Plaintiff's allegedly famous mark.  Plaintiff also alleges that consumer confusion constitutes a portion of Plaintiff's basis for asserting "damage" under the tortious interference claim.)

Each of Plaintiff's claims should be dismissed for a straightforward reason:  Plaintiff's allegations of likely consumer confusion arising out of Defendant's sales of the Watches, and that the Watches are not "genuine," are contrary to law.  The Complaint's allegations of lack of genuineness and consumer confusion are belied by two issues that can and should be resolved in Defendant's favor at this pleading stage.

First, New York has enacted a statute, § 369-b of the New York General Business Law, which estops Plaintiff from disavowing its warranty based solely on the fact that Plaintiff has not authorized Defendant as a dealer.  Plaintiff's warranty must attach to the Watches sold by Defendant from New York throughout the U.S. as a matter of law.  As such, Plaintiff's key allegation that the Watches are "not genuine" because they supposedly lack Plaintiff's warranty is incorrect.  Accordingly, Plaintiff cannot establish any likely consumer confusion on that basis.  A very instructive and recent case in this regard is <u>Bel Canto Design, Ltd. v. MSS HiFi, Inc.</u>, No. 11 Civ. 6353 (CM), 2011 U.S. Dist. LEXIS 146701 (S.D.N.Y. Dec. 15, 2011) (McMahon, J.), which is discussed at length herein.

Moreover, Defendant's website (which may be considered by the Court on this motion) includes an express disclaimer that Defendant "is not an authorized dealer for any company."

This fact, although not alleged in the Complaint, renders Plaintiff's false affiliation and false designation of origin claims implausible on their face.

Finally, Plaintiff's claim for tortious interference with contract suffers from the additional flaw that the Complaint fails to allege any facts in support of Plaintiff's conclusion that Defendant wrongfully induced the unidentified "Doe" defendants to breach their alleged contracts with Plaintiff.  The tortious interference claim is entirely conclusory and formulaic, in violation of Rule 8(a).

## RELEVANT ALLEGATIONS

The bulk of Plaintiff's allegations in the Complaint concern Plaintiff's alleged manufacture, distribution, and registered-brand protection of "TechnoMarine" watches since 1997.  (Compl. ¶¶ 9-20.)  According to the Complaint, Plaintiff only sells its watches through "authorized retailers/distributors" that "have entered into agreements with TechnoMarine in which they are expressly prohibited from transshipping and selling TechnoMarine branded products to unauthorized third party retailers and online retailers."  (Id. at ¶ 21.)

The Complaint alleges that "genuine TechnoMarine products sold through authorized channels enjoy comprehensive warranty protection [from Plaintiff].  Conversely, TechnoMarine branded goods that are not sold through authorized channels enjoy no warranty protection from TechnoMarine [i.e., from Plaintiff], the effect of which is to render the goods sold by such unauthorized channels a product of decidedly lesser quality."  (Id. at ¶ 22.)

The Complaint also alleges that Defendant, a watch distributor in New York, sells "TechnoMarine branded watches on its website – www.jacobtime.com."  (Id. at ¶¶ 6, 23, 24.) The Complaint further alleges that "Defendant is not an authorized retailer of TechnoMarine branded goods, and thus these goods are either counterfeit or were obtained in bad faith from

TechnoMarine's authorized retailers/distributors [identified by the Complaint as "Doe" defendants], who are expressly prohibited from distributing such goods to other retailers such as Defendant." (Id. at ¶¶ 7-8, 25.)  The Complaint alleges that Defendant "had actual knowledge of Plaintiff's agreements with its retailers/distributors, and specifically of the aforementioned resale restrictions in said agreements." (Id. at ¶ 56.)

The Complaint additionally alleges:   "Furthermore, because Defendant is not an authorized retailer of TechnoMarine products, TechnoMarine's comprehensive warranty does not attach to the products sold by Defendant, and thus the goods are not genuine." (Id. at ¶ 26; accord id. at ¶ 31 ("The products bearing the TechnoMarine Marks sold by Defendant are identical in appearance to Plaintiff's genuine products, but are sold without the comprehensive warranty that attaches to genuine TechnoMarine merchandise.").)

The Complaint alleges that consumers are likely to be confused by Defendant's sales of the Watches because:  (a) the Watches are allegedly "not genuine" and will be confused with Plaintiff's "genuine" watches; and (b) consumers may think Plaintiff is "connected or affiliated with Defendant's commercial and business activities." (Id. at ¶¶ 31, 34, 35, 40, 42, 48, 58.)

Defendant's website, www.jacobtime.com (identified in the Complaint at paragraph 23), provides the following disclaimer on its home page and on each of its pages selling TechnoMarine watches:

> **Disclaimer:** Jacobtime is not an authorized dealer for any company, due to our extremely low pricing. All of our watches are 100% authentic and brand new. We offer a 2 year Jacobtime Warranty on all watches.

(http://www.jacobtime.com/; http://www.jacobtime.com/osc/index.php?cPath=332.)

## ARGUMENT

**I.      PLAINTIFF'S CENTRAL ALLEGATION THAT THE WATCHES ARE NOT "GENUINE" BECAUSE THEY LACK PLAINTIFF'S STANDARD WARRANTY PROTECTION IS AN INCORRECT LEGAL CONCLUSION THAT THIS COURT SHOULD NOT CREDIT AS TRUE**

Although this Court is required on a Rule 12(b)(6) motion to accept Plaintiff's well-pleaded fact allegations in the Complaint as true, the Court need not credit the Complaint's legal conclusions and need not accept allegations that are implausible on their face. E.g., Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (U.S. 2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)); Jasper & Black, LLC v. Carolina Pad Co., LLC, No. 10 Civ. 3562 (LTS)(HBP), 2012 U.S. Dist. LEXIS 16435, at *10-11 (S.D.N.Y. Feb. 9, 2012).

The Complaint repeatedly alleges that the Watches sold by Defendant are "not genuine." (Complaint ¶¶ 26, 31.)  This allegation is a legal conclusion designed to give some life to Plaintiff's Lanham Act claims.  Indeed, it is well established that "[t]he Lanham Act does not give mark holders the right to control subsequent, non-authorized resales, as long as the product sold is genuine." Bel Canto Design, Ltd. v. MSS HiFi, Inc., No. 11 Civ. 6353 (CM), 2011 U.S. Dist. LEXIS 146701, at *31 (S.D.N.Y. Dec. 15, 2011).  "The rationale for this doctrine [known as the 'first sale' trademark doctrine] is that 'trademark law is designed to prevent sellers from confusing or deceiving consumers about the origin or make of a product, *which confusion ordinarily does not exist when a genuine article bearing a true mark is sold*.'"  Id. (citations omitted) (emphasis supplied); accord H.L. Hayden Co. of N.Y., Inc. v. Siemens Med. Sys., Inc., 879 F.2d 1005, 1023 (2d Cir. 1989).  "Thus, if a defendant does no more than stock and resell genuine trademarked goods, the mark holder does not have a right to stop it under the Lanham Act." Bel Canto, 2011 U.S. Dist. LEXIS 146701, at *32 (citing Zip Int'l Group, LLC v. Trilini

Imports, Inc., No. 09-CV-2437 (JG)(VVP), 2011 U.S. Dist. LEXIS 55270, at *9-11 (E.D.N.Y. May 24, 2011)).

Therefore, Plaintiff alleges that the Watches are "not genuine" in order to try to state viable Lanham Act claims.

The sole basis for the Complaint's conclusion that the Watches are "not genuine" is that the Watches allegedly lack Plaintiff's standard warranty protection, due singularly to the fact that Defendant is not one of Plaintiff's "authorized retailers."  (Complaint ¶¶ 26, 31.)[1]  Nevertheless, this allegation contravenes N.Y. GBL § 369-b.

Section § 369-b provides:

> A warranty or guarantee of merchandise may not be limited by a manufacturer doing business in this state solely for the reason that such merchandise is sold by a particular dealer or dealers, or that the dealer who sold the merchandise at retail has, since the date of sale, either gone out of business or no longer sells such merchandise.  *Any attempt to limit the manufacturer's warranty or guarantee for the aforesaid reason is void.*

GBL § 369-b (emphasis supplied).

The purpose of § 369-b is to:

> prevent denial of manufacturer warranty service to customers … because goods were sold by unauthorized dealers ….  Abuse may arise if the manufacturer seeks

---

[1] Paragraph 25 of the Complaint voices Plaintiff's conclusion that the Watches "are either counterfeit or were obtained in bad faith from TechnoMarine's authorized retailers/distributors, …."  Nevertheless, nowhere does the Complaint actually allege, upon information and belief or otherwise, that the Watches "are counterfeit."  Indeed, the remainder of the Complaint focuses exclusively on Plaintiff's belief that "[t]he products bearing the TechnoMarine Marks sold by Defendant are identical in appearance to Plaintiff's genuine products, *but are sold without the comprehensive warranty that attaches to genuine TechnoMarine merchandise.*"  (Complaint ¶ 31 (emphases supplied).)  The raising in the Complaint of a "sheer possibility" that the Watches may be counterfeit, without alleging any "further factual enhancement" of that "naked assertion," does not satisfy Rule 8(a)'s pleading standard.  Iqbal, 129 S. Ct. at 1949 ("The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully….  Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'") (citations omitted).

to avoid an express warranty because the "wrong" dealer sold the goods … this is the evil at which General Business Law § 369-b is aimed.

GBL § 369-b, Richard A. Givens, Practice Commentaries, <u>McKinney's Consol. Laws of N.Y.</u>, Vol. 19, at 523-24 (Givens).

The significance of § 369-b in the Lanham Act context was recently discussed in depth by Judge McMahon in <u>Bel Canto</u>.  In that case, similar to the allegations of Plaintiff herein, the plaintiff alleged that the defendant, a New York company, was not an authorized retailer of the plaintiff's audio products, and that the products were consequently not genuine because the plaintiff's standard warranty did not attach.  2011 U.S. Dist. LEXIS 146701, at *42.  As Judge McMahon explained, however:  "The problem is that, because [the defendant] is a New York dealer, *[the plaintiff's] policy of refusing to honor warranties on this basis is trumped by [§] 369-b* …." <u>Id.</u> (emphasis supplied).

Judge McMahon also explained the territorial reach of § 369-b, which applies to "*transactions* that take place in New York, not just transactions that involve New York residents." <u>Id.</u> at *46 (citing <u>Goshen v. Mutual Life Ins. Co.</u>, 98 N.Y.2d 314, 324, 746 N.Y.S.2d 858, 863 (2002)).  The defendant in <u>Bel Canto</u> operated from a store in New York, where it either sold the plaintiff's goods directly or else filled Internet orders placed from customers outside of New York.  2011 U.S. Dist. LEXIS 146701, at *48.  In either event, because the locus of the transaction was New York, Judge McMahon explained that "all of [the defendant's] customers are protected by GBL 369-b, and are therefore entitled to the same warranty protection they would have been entitled to if they had bought down the street from [the plaintiff's] authorized dealer." <u>Id.</u>

As in <u>Bel Canto</u>, the Complaint alleges that Defendant operates exclusively in New York. (Complaint ¶¶ 6, 23.)  Therefore, § 369-b governs all of Defendant's sales of the Watches, and,

as stated in <u>Bel Canto</u>, Plaintiff "cannot rely on [Defendant's] status as a non-authorized dealer to establish a material difference – i.e., the absence of warranty and other services" – that is necessary to state a Lanham Act violation arising out of Defendant's sales of goods.  2011 U.S. Dist. LEXIS 146701, at *48.   Notwithstanding the Complaint's allegation that Plaintiff's warranty does not apply to the Watches sold by Defendant, Plaintiff's warranty does attach to the Watches as a matter of law.[2]

Accordingly, the Court should reject the Complaint's allegation that the Watches sold by Defendant are "not genuine."

## II.   THE COMPLAINT'S FIRST CLAIM FOR <u>TRADEMARK INFRINGEMENT SHOULD BE DISMISSED</u>

The First Claim alleges trademark infringement under Section 32(a) of the Lanham Act, 15 U.S.C. § 1114(a).  (Complaint ¶¶ 28-38.)  In order to prevail upon its claim, Plaintiff "must establish that (1) it has a valid mark that is entitled to protection under the Lanham Act; and that (2) the defendant used the mark, (3) in commerce, (4) 'in connection with the sale … or advertising of goods or services,' (5) without the plaintiff's consent.  In addition, the plaintiff must show that defendant's use of that mark 'is likely to cause confusion … as to the affiliation, connection, or association of [defendant] with [plaintiff], or as to the origin, sponsorship, or

---

[2] The plaintiff in <u>Bel Canto</u> did ultimately obtain a preliminary injunction arising out of the Lanham Act, because the plaintiff could show other material and non-pretextual differences between its product and the product sold by the defendant that supported the plaintiff's voiding of its warranty.  2011 U.S. Dist. LEXIS 146701, at *49-61.  In that case, the defendant physically altered the products' serial numbers without disclosing that fact to consumers, and in a manner that would have required consumers to remove the products' chasses to see the plaintiff's original serial numbers.  <u>Id.</u> at *58-59.  The defendant's actions placed consumers in a "Catch-22" situation in responding to recall notices from the plaintiff, which threatened the plaintiff's ability to exercise quality control and thus made the products "'materially different' from genuine article [] products."  <u>Id.</u> at *36.  No such allegations are raised against Defendant herein.

approval of [the defendant's] goods, services, or commercial activities by [plaintiff].'"  1-800 Contacts, Inc. v. WhenU.com, Inc., 414 F.3d 400, 406-07 (2d Cir. 2005) (citations omitted).

The First Claim alleges a likelihood of consumer confusion "as to the source of Defendant's goods" and as to whether Plaintiff is "connected or affiliated with Defendant's commercial and business activities, ...."  (Complaint ¶¶ 34, 35.)

Nevertheless, Plaintiff cannot allege a likelihood of confusion regarding "the source of Defendant's goods" because, as explained above, the Watches are "genuine" and are not "materially different" from Plaintiff's timepieces as a matter of law, pursuant to N.Y. GBL § 369-b.  Bel Canto, 2011 U.S. Dist. LEXIS 146701, at *42-48.  Plaintiff's sole basis for alleging otherwise – i.e., that its warranty allegedly does not attach to the Watches sold by Defendant – is contrary to the law.

Therefore, because Plaintiff is the manufacturer of the Watches, no likely consumer confusion "as to the source of Defendant's goods" can be alleged to arise.  (See also Note 1, supra.)

Nor can Plaintiff plausibly allege a likelihood of confusion as to whether Defendant is affiliated with Plaintiff as an "authorized dealer."  Defendant's website (specifically identified at paragraph 23 of the Complaint) expressly and repeatedly disclaims any such affiliation, stating: "Jacobtime is not an authorized dealer for any company, ...."  (www.jacobtime.com.)  See, e.g., Town of New Windsor v. Avery Dennison Corp., No. 10-CV-8611 (CS), 2012 U.S. Dist. LEXIS 27264, at *13-15 (S.D.N.Y. Mar. 1, 2012) (court may consider publicly available materials on motion to dismiss under Fed. R. Evid. 201) (citations omitted); Ortiz v. Green Bull, Inc., No. 10-CV-3747 (ADS)(ETB), 2011 U.S. Dist. LEXIS 131601, at *2 (E.D.N.Y. Nov. 14, 2011) (court

may take judicial notice of defendant's website for the fact of its publication on motion to dismiss) (citations omitted).

Once again, <u>Bel Canto</u> is instructive.  In that case, the defendant repeatedly stated on its website that it was plaintiff's "exclusive online headquarter."  2011 U.S. Dist. LEXIS 146701, at *22.  The court found that these statements were "not actionable under the Lanham Act because they do not risk confusing consumers as to the affiliation of [the parties]."  <u>Id.</u>  In particular, the claims were not false or misleading because there were no other online retailers of the plaintiff's products, and because the website "studiously avoid[ed] referring to [the defendant] as an 'authorized' [] dealer [of the plaintiff]."  <u>Id.</u> at *23.  Thus, because the plaintiff could not demonstrate a "probability of confusion" but only a "mere possibility" of consumer confusion, the court found the plaintiff's false affiliation claim to be without merit.  <u>Id.</u> at *23-24.

The facts in this case are more compelling than the facts in <u>Bel Canto</u>, because Defendant repeatedly disclaims any affiliation with Plaintiff (or any other watch company) on its website.  Therefore, the Complaint's false affiliation allegations are implausible on their face and should be rejected.

Because Plaintiff cannot demonstrate the likelihood of consumer confusion, the Complaint's First Claim for trademark infringement should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6).

## III.   THE COMPLAINT'S SECOND CLAIM FOR FALSE DESIGNATION OF ORIGIN SHOULD BE DISMISSED

The Second Claim alleges false designation of origin under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).  (Complaint ¶¶ 39-44.)   To prevail upon this claim, Plaintiff must establish that Defendant:  "'(1) in commerce, (2) made a false or misleading representation of fact (3) in connection with goods or services (4) that is likely to cause consumer confusion as to

the origin, sponsorship, or approval of the goods or services.'"  <u>Naked Cowboy v. CBS</u>, No. 11

Civ. 0942-BSJ-RLE, 2012 U.S. Dist. LEXIS 23211, at *12-13 (S.D.N.Y. Feb. 22, 2012) (citation

omitted).

The Second Claim alleges the same bases as the First Claim for asserting a "likelihood of

consumer confusion":  <i>i.e.</i>, that consumers will mistakenly believe that the Watches sold by

Defendant are "connected with Plaintiff or come from the same source as Plaintiff's goods when

in fact they do not," and that consumers will be misled into thinking that Defendant is

"authorized, licensed by or otherwise connected with Plaintiff …"  (Complaint ¶¶ 40, 42.)  As

explained above, however, these allegations are incorrect and implausible on their face.

Accordingly, the Complaint's Second Claim for false designation of origin should be dismissed

pursuant to Fed. R. Civ. P. 12(b)(6).

## IV.    THE COMPLAINT'S THIRD CLAIM FOR <u>TRADEMARK DILUTION SHOULD BE DISMISSED</u>

The Third Claim alleges trademark dilution under Section 43(c) of the Lanham Act, 15

U.S.C. § 1125(c).  To prevail upon this claim, Plaintiff must demonstrate either "dilution by

blurring" or "dilution by tarnishment" of Plaintiff's allegedly famous mark.  15 U.S.C. §

1125(c)(1).

"Dilution by blurring" is an "association arising from the similarity between a mark or

trade name and a famous mark that impairs the distinctiveness of the famous mark."  15 U.S.C. §

1125(c)(2)(B).  Such dilution can occur "regardless of the presence or absence of actual or likely

confusion, of competition, or of actual economic injury."  15 U.S.C. § 1125(c)(1).

"Dilution by tarnishment" is an "association arising from the similarity between a mark

or trade name and a famous mark that harms the reputation of the famous mark."  15 U.S.C. §

1125(c)(2)(C).  Such dilution "'generally arises when the plaintiff's trademark is linked to

products of shoddy quality, or is portrayed in an unwholesome or unsavory context likely to evoke unflattering thoughts about the owner's product.'" Tiffany Inc. v. eBay, Inc., 600 F.3d 93, 111 (2d Cir. 2010) (citation omitted).

The Third Claim alleges that the Watches sold by Defendant are "counterfeit reproductions of the TechnoMarine Marks." (Complaint ¶ 47.) Nevertheless, as discussed above, that allegation is rooted in the meritless conclusion by Plaintiff that the Watches are "not genuine" because they supposedly lack Plaintiff's warranty. (Complaint ¶¶ 26, 31.)

Moreover, as discussed in footnote 1, *supra*, the Complaint's raising of a "sheer possibility" that the Watches "are either counterfeit or were obtained in bad faith" – without providing any "further factual enhancement" or allegation that the Watches, at least on Plaintiff's information and belief, are actually "counterfeit" – fails Rule 8(a)'s pleading standard. Iqbal, 129 S. Ct. at 1949. Indeed, in the face of the bulk of the Complaint's other allegations that the Watches are otherwise authentic but for Plaintiff's warranty, any bare allegation of "counterfeiting" by Defendant is implausible on its face. (See Complaint ¶ 31.) Thus, the Third Claim's allegation that the Watches are "counterfeit reproductions of the TechnoMarine Marks" is a "naked assertion" that should not be credited as true by the Court. See Iqbal, 129 S. Ct. at 1949.

Accordingly, because the Complaint fails to plausibly allege the existence of a different mark from Plaintiff's genuine "TechnoMarine" mark, the Complaint's Third Claim for dilution between marks should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6). See also Ty Inc. v. Perryman, 306 F.3d 509, 512-514 (7th Cir. 2002) ("We do not think that by virtue of trademark law producers own their aftermarkets and can impede sellers in the aftermarket from marketing the trademarked product."); accord Scott Fetzer Co. v. House of Vacuums, Inc., 381 F.3d 477,

489-90 (5th Cir. 2004); <u>Bijur Lubricating Corp. v. Devco Corp.</u>, 332 F. Supp. 2d 722, 733 (D.N.J. 2004).

## V.  THE COMPLAINT'S FOURTH CLAIM FOR TORTIOUS INTERFERENCE WITH CONTRACT SHOULD BE DISMISSED

The Fourth Claim alleges that Defendant has tortiously induced the "Doe" defendants – *i.e.*, certain of Plaintiff's authorized foreign dealers – to breach their contracts with Plaintiff that allegedly prohibit sales of the Watches to other, unauthorized watch dealers.  (Complaint ¶¶ 54-59.)  To prevail upon this claim under New York law, Plaintiff must establish:  "'(a) that a valid contract exists [between plaintiff and a third party]; (b) that [defendant] had knowledge of the contract; (c) that [defendant] intentionally and improperly procured the breach of the contract; and (d) that the breach resulted in damage to the plaintiff.'"  <u>Jasper & Black</u>, 2012 U.S. Dist. LEXIS 16435, at *28 (citation omitted).

Furthermore, "[t]o adequately allege that a defendant improperly and intentionally interfered with performance of a contract, a plaintiff must identify the contract(s) in question, allege breach of the contract(s), and identify specific actions by the defendant that induced the third party's breach."  <u>Id.</u>; <u>accord</u> <u>Semple v. Eyeblaster, Inc.</u>, No. 08 Civ. 9004 (HB), 2009 U.S. Dist. LEXIS 45349, at *28 (S.D.N.Y. May 26, 2009); <u>Camp Summit of Summitville, Inc. v. Visinski</u>, No. 06-cv-4994 (M) (GAY), 2007 U.S. Dist. LEXIS 28496, at *37-38 (S.D.N.Y. Apr. 13, 2007).

In addition, because economic interest is a defense to an action for tortious interference, Plaintiff must allege that the defendant acted with wrongful means, meaning an "intention to harm plaintiff without economic or other lawful excuse or justification."  <u>Independent Asset Mgmt. LLC v. Zanger</u>, 538 F. Supp. 2d 704, 711 (S.D.N.Y. 2008) (citations omitted); <u>accord</u>

Jasper & Black, 2012 U.S. Dist. LEXIS 16435, at *28; Camp Summit, 2007 U.S. Dist. LEXIS 28496, at *38.

The Complaint falls far short of meeting its pleading requirements to state a valid claim for tortious interference with contract.

First, the Complaint fails to identify which third party contracts have allegedly been breached.  The Complaint admits that "Plaintiff is unaware of the names and true capacities" of the "Doe" defendants.  (Complaint ¶ 7.)  Although Plaintiff alleges its intention to "seek leave to amend this complaint when their true names and capacities are ascertained," (*id.*), that day may never come.  In the absence of an allegation identifying an actual contract between Plaintiff and a third party that has allegedly been breached, Plaintiff cannot state a valid and ripe claim for tortious interference with contract by Defendant.  Jasper & Black, 2012 U.S. Dist. LEXIS 16435, at *29 ("J&B has failed to allege the existence of contracts between itself and its customers and sales and distribution network"); see also Iqbal, 129 S. Ct. at 1950 ("Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, **but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions**.") (emphasis supplied).

Second, the Complaint fails to provide any facts to support the equally conclusory and formulaic allegations that Defendant "had actual knowledge of Plaintiff's agreements with its retailers/distributors, and specifically of the aforementioned resale restrictions in said agreements."  (Complaint ¶ 56.)  Plaintiff itself cannot identify which third party contracts are allegedly at issue in this case.  See Iqbal, 129 S. Ct. at 1949 ("Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of "entitlement to relief."'") (quoting Twombly, 550 U.S. at 557).

14

Third, the Complaint fails to provide any facts to support the conclusory and formulaic allegation that Defendant "induced" the Doe defendants to breach their alleged contracts with Plaintiff.  Jasper & Black, 2012 U.S. Dist. LEXIS 16435, at *29 ("[the plaintiff] has failed to present any non-conclusory allegations that any of these third parties breached a contract with Plaintiff, or that [the defendants] induced one of these third parties to breach such a contract"); see also Iqbal, 129 S. Ct. at 1949 ("A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'") (quoting Twombly, 550 U.S. at 555).

Fourth, the Complaint fails to allege, even as a conclusory and formulaic matter (let alone with any requisite factual underpinning), that Defendant used "wrongful means" to induce breaches by unnamed third parties of their alleged contracts with Plaintiff.  Jasper & Black, 2012 U.S. Dist. LEXIS 16435, at *29; Semple, 2009 U.S. Dist. LEXIS 45349, at *16-17; Independent Asset, 538 F. Supp. 2d at 711; WorldHomeCenter.com, Inc. v. Frankl Consumer Prods., No. 10 Civ. 3205 (BSJ), 2011 U.S. Dist. LEXIS 67798, at *19 (S.D.N.Y. June 22, 2011); Masefield AG v. Colonial Oil Indus., No. 05 Civ. 2231 (PKL), 2006 U.S. Dist. LEXIS 5792, at *12-13 (S.D.N.Y. Feb. 14, 2006); see also Iqbal, 129 S. Ct. at 1949.  Furthermore, GBL § 369-b and the other authorities discussed above demonstrate that aftermarket sales by unauthorized retailers are not "wrongful" or the subject of monopoly protection by manufacturers such as Plaintiff.  See, e.g., Ty, 306 F.3d at 512-14.

Finally, Plaintiff's allegation that Defendant's sales of the Watches will cause "the public to suffer great and irreparable damage and injury" (based upon the Complaint's allegations of "consumer confusion") does not state a plausible claim for damage or relief, as discussed above. (See Complaint ¶ 58.)

Accordingly, the Complaint's Fourth Claim for tortious interference with contract should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6).

## VI.   THE COMPLAINT'S FIFTH CLAIM FOR COMMON LAW UNFAIR COMPETITION SHOULD BE DISMISSED

The Fifth Claim alleges common law unfair competition arising under New York law. (Complaint ¶¶ 60-64.)   To prevail on this claim, Plaintiff must establish:   "(1) either actual confusion or a likelihood of confusion [as to the origin of the good sold]; and (2) bad faith on the part of the defendant."   LaChapelle v. Fenty, No. 11 Civ. 945 (SAS), 2011 U.S. Dist. LEXIS 80337, at *18-19 (S.D.N.Y. July 19, 2011) (citations omitted); accord Nelly De Vuyst, USA, Inc. v. Europe Cosmetiques, Inc., No. 111 CV 1491 (VB), 2012 U.S. Dist. LEXIS 12981, at *23-24 (S.D.N.Y. Jan. 6, 2012).   It is well recognized that the standards for proving unfair competition under New York common law are almost indistinguishable from the standards necessary to prove liability under the Lanham Act.   E.g., LaChapelle, 2011 U.S. Dist. LEXIS 80337, at *19; Tri-Star Pictures, Inc. v. Unger, 14 F. Supp. 2d 339, 363 (S.D.N.Y. 1998).

The Fifth Claim relies on no independent allegations to support it, and instead simply "incorporates herein by reference the averments of the preceding paragraphs as though fully set forth herein."   (Complaint ¶ 60.)   As discussed above, the Complaint's allegations of a "likelihood of consumer confusion" arising out of Defendant's sales of the Watches are both contrary to law and implausible.   (See Point II, supra.)

Therefore, the Complaint's Fifth Claim for common law unfair competition should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6).   See also A&G Healthplans, Inc. v. National Network Servs. Consultants, Inc., No. 99 CV 12153 (GBD), 2003 U.S. Dist. LEXIS 3879, at *8-9 (S.D.N.Y. Mar. 14, 2003); La Cibeles, Inc. v. Adipar, Ltd., No. 99 Civ. 4129 (AGS), 2000 U.S.

Dist. LEXIS 12676, at *40-41 (S.D.N.Y. Aug. 31, 2000); Horn's, Inc. v. Sanofi Beaute, Inc., 963

F. Supp. 318, 328 (S.D.N.Y. 1997).

## **CONCLUSION**

For the foregoing reasons, Defendant Jacob Time, Inc. respectfully requests that the

Court dismiss each of the claims of Plaintiff TechnoMarine SA's Complaint pursuant to Fed. R.

Civ. P. 12(b)(6), and Defendant additionally requests such other and further relief as the Court

deems just and proper.

Dated:  New York, New York
        March 14, 2012

                              PRYOR CASHMAN LLP

                              By: _____
                                    William L. Charron
                                    Saritha C. Reddy
                              7 Times Square
                              New York, New York 10036
                              (212) 421-4100

                              *Attorneys for Defendant Jacob Time, Inc.*