```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------- X
                                         :
TECHNOMARINE SA, a Swiss Corporation,    :
                        Plaintiff,       :
                                         :
            -v-                          :     12 Civ. 0790 (KBF)
                                         :
JACOB TIME, INC., a New York             :     MEMORANDUM AND ORDER
Corporation; and DOES 1-10,              :
inclusive,                               :
                        Defendants.      :
                                         :
---------------------------------------- X
```

KATHERINE B. FORREST, District Judge:

On February 1, 2012, TechnoMarine SA ("TechnoMarine") filed this action against Jacob Time, Inc. ("Jacob Time") and unnamed Does 1 through 10, alleging that Jacob Time engaged in trademark infringement and dilution and false designation of origin under the Lanham Trademark Act of 1946, 15 U.S.C. § 1051, et seq. (the "Lanham Act"), copyright infringement under 17 U.S.C. § 501, and tortious interference with contract and unfair competition under New York law.

TechnoMarine, a company that sells fashionable watches exclusively through authorized channels, brought this suit after allegedly learning that Jacob Time, a watch distributor that is not an authorized retailer of TechnoMarine branded goods, was selling watches bearing the TechnoMarine marks through its website. (Am. Compl. ¶¶ 20, 24-25.)

1

Faced with an initial motion to dismiss, TechnoMarine amended its complaint on April 4, 2012. (Docket No. 16.) On May 4, 2012, Jacob Time moved to dismiss the amended complaint in its entirety for failure to state a claim upon which relief could be granted, pursuant to Federal Rule 12(b)(6).

For the reasons set forth below, the Court GRANTS that motion with one final leave to replead.

## FACTUAL ALLEGATIONS

TechnoMarine has designed, manufactured, distributed and sold fashionable watches under the TechnoMarine marks since 1997, generating hundreds of millions of dollars in worldwide sales. (Am. Compl. ¶¶ 12, 15.) In addition to trademark registrations, the Swiss corporation also owns a copyright certificate for its logo. (Id. ¶ 13.) TechnoMarine sells its watches exclusively through authorized channels – including prestigious retailers such as Tourneau, Neiman Marcus and Saks Fifth Avenue. (Id. ¶¶ 16, 20.) Sales of TechnoMarine products are contractually permitted only through authorized dealers, most of which are not authorized to sell the products on the Internet. (Id. ¶ 21.) TechnoMarine's authorized retailers have entered into agreements with the watchmaker that prohibit them from transshipping and selling TechnoMarine products to unauthorized third parties or online retailers. (Id. ¶ 22.)

Based on plaintiff's information and belief, Jacob Time is a watch distributor in New York, New York that offers premium brand watches at discounted prices through its website. (Id. ¶ 23.) Jacob Time is not an authorized retailer of TechnoMarine watches, but "has purchased, advertised, offered for sale, and/or sold watches" bearing the TechnoMarine marks. (Id. ¶¶ 24-25.) Jacob Time's website contains the following disclaimer on its home page and on each of its pages selling the watches in question:

> Jacobtime is not an authorized dealer for any company, due to our extremely low pricing. All of our watches are 100% authentic and brand new. We offer a 2 year Jacobtime Warranty on all watches.

http://www.jacobtime.com/;

http://www.jacobtime.com/osc/index.php?cPath=332; (see also Am. Compl. ¶¶ 23-24 (incorporating Jacob Time's website by reference)).[1]

TechnoMarine contends that the watches being sold by Jacob Time are "counterfeit, infringing, [and/or] obtained from entities who are prohibited from selling said goods to

---

[1] On a motion to dismiss, "'the complaint is deemed to include . . . any statement or documents incorporated in it by reference.'" In re Bristol-Myers Squibb Securities Litig., 312 F.Supp.2d 549, 555 (S.D.N.Y. 2004) (quoting Int'l Audiotext Network, Inc. v. Sum Holding, L.P., 949 F.2d 42, 47 (2d Cir. 1991)). Additionally, "[t]he court may . . . consider matters of which judicial notice may be taken, even if the corresponding documents are not attached to or incorporated by reference in the complaint." Munno v. Town of Orangetown, 391 F. Supp. 2d 263, 268 (S.D.N.Y. 2005). The Court may take judicial notice of the fact that a publicly accessible website contains certain information. See, e.g., Muller-Paisner v. TIAA, 289 Fed. Appx. 461, 466 n.5 (2d Cir. 2008) ("Judicial notice may be taken of defendants' website for the fact of its publication.").

[d]efendant pursuant to the contractual relationship [those entities] have with [p]laintiff regarding the distribution of goods." (Id. ¶ 25.) On or about November 7, 2011, TechnoMarine sent a cease and desist letter to Jacob Time, notifying it of plaintiff's rights and warning that further purchase of the watches from authorized distributors or retailers would render it liable for tortious interference with contract. (Id. ¶ 26.) Jacob Time has continued to purchase, advertise, promote, offer for sale and/or sell the watches on its website. (Id. ¶¶ 26-27.)

## STANDARD OF REVIEW

On a motion to dismiss, this Court accepts as true all well-plead factual allegations. See Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949-50 (2009). To withstand dismissal, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. at 1949 (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 129 S. Ct. at 1949. Thus, while "Rule 8 marks a notable and generous departure from hyper-technical, code-pleading regime of a prior era, [] it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." Id. at 1950. "[W]here the well-pleaded facts do

4

not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not shown - that the pleader is entitled to relief." Id. (internal punctuation omitted); see also Fed. R. Civ. P. 8(a)(2).

## DISCUSSION

Here, TechnoMarine has failed to "nudge[] [its] claims across the line from conceivable to plausible" and so its "complaint must be dismissed." Twombly, 550 U.S. at 570; accord Iqbal, 129 S. Ct. at 1950. The amended complaint is devoid of facts that plausibly show that the watches at issue are either counterfeit or non-genuine, or authentic but unlawfully acquired. Rather, the pleading merely speculates as to the true source of the watches, positing in a conclusory manner that they "may" be counterfeit. (See Am. Compl. ¶¶ 25, 30); see also Twombly, 550 U.S. at 555. The amended complaint alternatively asserts that the watches may be authentic. (See Am. Compl. ¶¶ 25, 30.)

Based on the facts alleged, however, it is just as possible that the unknown "Doe" retailers independently and voluntarily determined to sell TechnoMarine watches to Jacob Time, versus some sort of inducement by Jacob Time to breach any contracts the retailers may have had with plaintiff. While a plaintiff may assert claims in the alternative, doing so does not relieve it of its burden "to raise a reasonable expectation that

5

discovery will reveal evidence of illegal[ity]" for each claim asserted. See Yusuf v. Vassar College, 35 F.3d 709, 715 (2d Cir. 1994) (stating that "[p]laintiffs may plead in the alternative . . . but in neither case do wholly conclusory allegations suffice for purposes of Rule 12(b)(6)"); cf. Twombly, 550 U.S. at 556. TechnoMarine has failed to meet that burden here.

First and Second Causes of Action

It is well settled that the same analysis applies to trademark infringement claims under both Sections 32 and 43(a) of the Lanham Act, see, e.g., Louis Vuitton Malletier v. Dooney & Burke, Inc., 454 F.3d 108, 114 (2d Cir. 2006); see also 15 U.S.C. §§ 1114, 1125(a); the Court therefore considers TechnoMarine's first and second causes of action together (see Am. Compl. ¶¶ 28-43).

In order to state a claim under either cause of action, "plaintiff must [allege] that (1) it has a valid mark that is entitled to protection under the Lanham Act; and that (2) the defendant used the mark, (3) in commerce, (4) 'in connection with the sale . . . or advertising of goods and services,' (5) without the plaintiff's consent. In addition, the plaintiff must [allege] that defendant's use of that mark 'is likely to cause confusion . . . as to the affiliation, connection, or association of [defendant] with [plaintiff], or as to the

6

origin, sponsorship, or approval of [the defendant's] goods, services, or commercial activities by [plaintiff].'" 1-800 Contacts, Inc. v. WhenU.com, Inc., 414 F.3d 400, 406-07 (2d Cir. 2005) (internal citations omitted); see also 15 U.S.C. §§ 1114(a), 1125(a).

"As a general rule, trademark law does not reach the sale of genuine goods bearing a true mark even though the sale is not authorized by the mark owner." Polymer Technology Corp. v. Mimran, 975 F.2d 58, 61 (2d Cir. 1992); accord Dow Jones & Co. v. Int'l Secs. Exchange, 451 F.3d 295, 308 (2d Cir. 2006); see also H.L. Hayden Co. of New York, Inc. v. Siemens Medical Sys., Inc., 879 F.2d 1005, 1023 (2d Cir. 1989) ("[T]he unauthorized sale of a trademarked article does not, without more, constitute a Lanham Act violation."). Accordingly, until TechnoMarine asserts sufficient, factual allegations (versus conclusory assertions) to permit a reasonable inference that the watches sold by Jacob Time are counterfeit, non-genuine or are likely to cause confusion as to their source or affiliation, its trademark infringement claims cannot proceed.

As set forth above, plaintiff's conclusory speculation that the watches "may" be counterfeit, without any factual assertions supportive of such a claim, is insufficient under Twombly and Iqbal. (See Am. Compl. ¶¶ 25, 30.) Similarly, plaintiff's assertion that the watches must not be genuine because their

7

sale was unauthorized (see id. ¶¶ 20-21; see also Pl.'s Opp. at 9) is legally insufficient to state a claim that withstands dismissal, see, e.g., Zino Davidoff SA v. CVS Corp., 571 F.3d 238, 243 (2d Cir. 2009); Ryan v. Volpone Stamp Co., 107 F. Supp. 2d 369, 382 (S.D.N.Y. 2000). It is equally plausible that defendant - who itself has no contract with TechnoMarine - lawfully acquired the subject watches and is simply reselling them, as it has a right to do. That may not be the transactional path envisioned by plaintiff, but such a scenario is not necessarily or even evidently unlawful.

To state even a basic claim based on non-genuineness, TechnoMarine must plead sufficient, plausible facts tending to show that the watches sold by Jacob Time actually fail to conform to plaintiff's quality control standards or are materially different from plaintiff's watches - this TechnoMarine has failed to do.[2]  See, e.g., Davidoff, 571 F.3d at

---

[2] The only allegation in the amended complaint referencing the quality of the watches sold by Jacob Time is that defendant's unauthorized use of TechnoMarine's marks "constitutes false designation of origin and a false representation that the goods . . . are of the same quality as that assured by [plaintiff]." (Am. Compl. ¶ 31.) Such a cursory suggestion that the watches are of inferior quality falls far short of satisfying Twombly and Iqbal.

In its original complaint, TechnoMarine alleged that the watches sold by Jacob Time are of lesser quality because they do not enjoy the same warranty protection from Technomarine as those sold through authorized channels. (Compl. ¶ 22.) But plaintiff dropped that allegation in its amended complaint. In any event, as plaintiff concedes, "[N.Y. GBL § 369-b] bans refusals to honor warranties based solely on a dealer['s] unauthorized status." (Pl.'s Opp. at 10 (citing Bel Canto Design, Ltd. v. MSS HiFi, Inc., 2011 WL 6355215, at *16-17 (S.D.N.Y. Dec. 16, 2011)).) Thus, contrary to plaintiff's assertion, Jacob Time's customers would not have received lesser

243; Ryan, 107 F. Supp. 2d at 382; (see also Am. Compl. passim). Technomarine has also failed to plead sufficient, plausible facts "to raise a reasonable expectation that discovery will reveal" that consumers are likely to be confused as to the source or affiliation of the watches sold, see Twombly, 550 U.S. at 556; (see also Am. Compl. ¶¶ 33, 41), especially in light of the disclaimer on the Jacob Time website and plaintiff's assertion that its watches are typically sold "in the most prestigious stores" (see supra at 3 n.1; Am. Comp. ¶ 16).

In dismissing these claims, the Court does not rely on, or resolve the merits or ultimate significance of, the first sale doctrine or Jacob Time's disclaimer. See generally Pani v. Empire Blue Cross Blue Shield, 152 F.3d 67, 74 (2d Cir. 1998) (permitting pre-answer dismissal on the basis of an affirmative defense only when a defense appears on the face of the complaint). Rather, the Court merely notes the absence of factual content in the amended complaint that makes an unlawful sale more plausible than not. While plaintiff contends that it cannot determine the source of the products, the conditions under which they were transferred from manufacturer to retailer to customer, or whether any alterations have been made to the watches without first conducting discovery (Pl.'s Opp. at 11),

---

warranty protections – and, in turn, lesser quality watches – on account of Jacob Time being an allegedly unauthorized retailer.

it is well settled that courts should "not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions," Iqbal, 129 S. Ct. at 1950.

Accordingly, plaintiff's first and second causes of action are dismissed with one final opportunity to replead.

Third Cause of Action

TechnoMarine also alleges that Jacob Time has diluted its trademarks, in violation of Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c). (Am. Compl. ¶¶ 44-52.) To prevail on that claim, plaintiff must show that "(1) its mark is famous; (2) the defendant is making commercial use of the mark in commerce; (3) the defendant's use began after the mark became famous; and (4) the defendant's use of the mark dilutes the quality of the mark by diminishing the capacity of the mark to identify and distinguish goods and services." Savin Corp. v. Savin Group, 391 F.3d 439, 449 (2d Cir. 2004).

While plaintiff provides a "[t]hreadbare recital[] of th[ose] elements" in support of its claim, its allegations are nothing more than labels and conclusions that fail under Iqbal and Twombly. Iqbal, 129 S. Ct. at 1949; Twombly, 550 U.S. at 545. Although TechnoMarine asserts definitively that the watches are "counterfeit reproductions of the TechnoMarine Marks" for purposes of its dilution claim (Am. Compl. ¶ 46; Pl.'s Opp. at 14), it has again failed to provide any "further

10

factual enhancement" to withstand dismissal, Iqbal, 129 S. Ct. at 1949 (internal quotation marks omitted). Nor, as set forth above, has TechnoMarine plead facts showing that the watches sold are actually materially different, for dilution by tarnishment purposes. (See Am. Compl. passim; Pl.'s Opp. at 14-15 (citing Dan-Foam A/S v. Brand Named Beds, LLC, 500 F. Supp. 2d 296, 312 (S.D.N.Y. 2007) ("dilution by tarnishment can be shown within the rubric of the material differences standard")).)

Accordingly, plaintiff's Third Cause of Action is dismissed with one final opportunity to replead.

Fourth Cause of Action

In its Fourth Cause of Action, plaintiff alleges that defendant tortiously induced the unnamed "Doe" retailers to breach their contractual prohibitions against selling the TechnoMarine watches to any resellers. (Am. Compl. ¶¶ 53-58.) To state a claim for tortious interference under New York law, a plaintiff must establish: "(a) that a valid contract exists; (b) that a 'third party' had knowledge of the contract; (c) that the third party intentionally and improperly procured the breach of the contract; and (d) that the breach resulted in damage to the plaintiff." E.g., Finley v. Giacobbe, 79 F.3d 1285, 1294 (2d Cir. 1996).

Here, again, the allegations in the amended complaint are merely formulaic and conclusory, and fail to satisfy the Iqbal standard. See Iqbal, 129 S. Ct. at 1949; (see, e.g., Am. Compl. ¶ 56 ("Defendant has intentionally interfered with TechnoMarine's agreements with its authorized distributors/retailers by inducing said distributors/retailers to breach their agreements with TechnoMarine by improperly procuring from them the contractually prohibited sale of TechnoMarine branded products for itself.")). At a minimum, plaintiff must plead facts that "show[]" that Jacob Time, with knowledge of the contractual restrictions, induced one or more "Doe" defendants to breach its contract with plaintiff. See Iqbal, 129 S. Ct. at 1950. Based on the existing factual allegations, it is just as possible as not that the unknown distributors independently and voluntarily decided to sell to Jacob Time - without any unlawful inducement by defendant. Thus, based on these allegations, the Court may not "infer more than the mere possibility of misconduct." Id.

Accordingly, the Fourth Cause of Action is dismissed with one final opportunity to replead.

Fifth Cause of Action

Plaintiff further alleges that defendant's actions constitute unfair competition under New York common law. (Am. Compl. ¶¶ 59-63.) The parties agree that the standard for

12

trademark infringement and unfair competition under the Lanham Act is virtually identical to that under New York common law, except that the latter requires an additional showing of bad faith. (Def.'s Mem. at 17; Pl. Opp. at 18); see also LaChapelle v. Fenty, 812 F. Supp. 2d 434, 444 (S.D.N.Y. 2011); SLY Magazine, LLC v. Weider Publ'ns L.L.C., 529 F. Supp. 2d 524, 443 (S.D.N.Y. 2007), aff'd, 346 Fed. Appx. 721 (2d Cir. 2009).

As already discussed, the amended complaint fails adequately to plead the Lanham Act claims, and the fifth cause of action contains no independent or additional allegations. (See supra at pages 6-9; Am. Compl. ¶¶ 59-6.) The Court also cannot reasonably infer, without further factual enhancement, that Jacob Time acquired the watches in bad faith – rather, it could just as possibly have been a bona fide purchaser. (See Am. Compl. ¶¶ 30, 34, 63; see also Pl.'s Opp. at 18.) Accordingly, plaintiff's fifth claim is also dismissed with one final opportunity to replead.

Sixth Cause of Action

Plaintiff's final claim alleges copyright infringement under 17 U.S.C. § 501, arising out of defendant's sales of watches bearing the allegedly copyrighted TechnoMarine logo. (Am. Compl. ¶¶ 64-73.) To establish a claim of copyright infringement, plaintiff "must show both ownership of a copyright and that defendant copied the protected material without

13

authorization." E.g., Rogers v. Koons, 960 F.2d 301, 306 (2d Cir. 1992). Here, plaintiff's alleged copyright registration creates a presumption of validity, and the Court need not rule on the originality of the TechnoMarine logo.[3] See 17 U.S.C. § 410(c); (see also Am. Compl. ¶ 65).

Nonetheless, this claim cannot withstand dismissal. The amended complaint again makes the bare assertion that Jacob Time has been "selling piratical copies" of the watches without offering any factual support for that claim. (Am. Compl. ¶ 68.) Without reciting facts from which a reasonable and plausible inference can be drawn that the watches are either counterfeit or were acquired in such a way as to make their resale unlawful, TechnoMarine "has alleged – but it has not shown – that [it] is entitled to relief." Iqbal, 129 S. Ct. at 1950.

Accordingly, this final cause of action is dismissed with one final opportunity to replead.

## CONCLUSION

For the foregoing reasons, defendants' motion to dismiss is GRANTED. All of TechnoMarine's claims are dismissed without prejudice and with leave to replead one final time, within 14

---

[3] Although TechnoMarine does not attach the registration to its amended complaint, the Court is not persuaded that such omission warrants dismissal, see Conan Props., Inc. v. Mattel, Inc., 601 F. Supp. 1179, 1182-83 (S.D.N.Y. 1984), especially given Jacob Time's acknowledgment that plaintiff has a copyright registration for a "'TM Design'" (see Def.'s Mem. at 5).

14

days. Failure to replead within that 14-day period will result dismissal of the amended complaint with prejudice.

Because plaintiff may replead, the Court denies defendant's request for an award of fees and costs under 17 U.S.C. § 505 at this time.

The Clerk of Court is directed to close the motion at Docket No. 20.

SO ORDERED:

Dated:   New York, New York
         June 22, 2012

_____
KATHERINE B. FORREST
United States District Judge