William L. Charron, wcharron@pryorcashman.com
Saritha C. Reddy, sreddy@pryorcashman.com
PRYOR CASHMAN LLP
7 Times Square
New York, NY 10036-6965
Telephone: (212) 421-4100
Facsimile: (212) 326-0806
*Attorneys for Defendant Jacob Time, Inc.*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| TECHNOMARINE SA, a Swiss Corporation,<br><br>Plaintiff,<br><br>- against -<br><br>JACOB TIME, INC., a New York Corporation; and DOES 1-10, inclusive,<br><br>Defendants. | No. 12-CV-00790(KBF)<br><br>**ANSWER** |

Defendant Jacob Time, Inc. ("Jacob Time"), by and through its undersigned attorneys, herein answers plaintiff TechnoMarine SA's ("Plaintiff") Second Amended Complaint dated July 3, 2012 (the "Complaint") as follows:

Pursuant to the Court's Decision and Order dated October 24, 2012 (the "October 24th Order"), the Court dismissed Plaintiff's claims as alleged in the Complaint for trademark infringement (First Claim For Relief), false designation of origin (Second Claim For Relief), trademark dilution (Third Claim For Relief), unfair competition (Fifth Claim For Relief), conversion (Seventh Claim For Relief), and declaratory relief (Eighth Claim For Relief). No response from Jacob Time is required as to the claims dismissed by the October 24th Order. Plaintiff's claims for tortious interference with existing contractual relations (Fourth Claim for

Relief) and copyright infringement under 17 U.S.C. § 101, et. seq. (Sixth Claim for Relief) are the only claims that remain in this action.

1. Jacob Time avers that the allegations set forth in Paragraph 1 of the Complaint constitute legal conclusions as to which no response from Jacob Time is required.

2. Jacob Time avers that the allegations set forth in Paragraph 2 of the Complaint constitute legal conclusions as to which no response from Jacob Time is required.

3. Jacob Time avers that the allegations set forth in Paragraph 3 of the Complaint constitute legal conclusions as to which no response from Jacob Time is required.

4. Jacob Time avers that the allegations set forth in Paragraph 4 of the Complaint constitute legal conclusions as to which no response from Jacob Time is required.

5. Jacob Time denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 5 of the Complaint.

6. Jacob Time denies the allegations set forth in Paragraph 6 of the Complaint, and specifically avers that Jacob Time is a corporation organized and existing under the laws of the state of New York with an office and principal place of business at 2002 West 7th Street, Brooklyn, New York 11223.

7. Jacob Time denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 7 of the Complaint.

8. Jacob Time denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 8 of the Complaint as concerning the co-defendants Does 1 through 10 and denies the allegations in Paragraph 8 as concerning Jacob Time.

9. Jacob Time denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 9 of the Complaint.

10. Jacob Time denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 10 of the Complaint.

11. Jacob Time denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 11 of the Complaint and respectfully refers the Court to the referenced federal registrations for the contents thereof.

12. Jacob Time denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 12 of the Complaint.

13. Jacob Time denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 13 of the Complaint.

14. Jacob Time denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 14 of the Complaint and respectfully refers the Court to the referenced copyright registrations for the contents thereof.

15. Jacob Time denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 15 of the Complaint.

16. Jacob Time denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 16 of the Complaint.

17. Jacob Time denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 17 of the Complaint.

18. Jacob Time denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 18 of the Complaint and respectfully refers the Court to the referenced consumer magazines for the contents thereof.

19. Jacob Time denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 19 of the Complaint.

20. Jacob Time denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 20 of the Complaint.

21. Jacob Time denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 21 of the Complaint.

22. Jacob Time denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 22 of the Complaint and respectfully refers the Court to the referenced TechnoMarine retailer agreement for the terms and conditions thereof.

23. Jacob Time denies the allegations set forth in Paragraph 23 of the Complaint and respectfully refers the Court to the referenced website for the contents thereof.

24. Jacob Time denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 24 of the Complaint.

25. Jacob Time denies each and every allegation set forth in Paragraph 25 of the Complaint and respectfully refers the Court to the referenced website for the contents thereof.

26. Jacob Time denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 26 of the Complaint and specifically avers that Jacob Time does not advertise or offer for sale non-genuine TechnoMarine branded products.

27. Jacob Time denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 27 of the Complaint.

28. Jacob Time denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 28 of the Complaint.

29. Jacob Time denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 29 of the Complaint.

30. Jacob Time denies knowledge or information sufficient to form a belief as to the truth of the allegation set forth in first sentence of Paragraph 30 of the Complaint. Jacob Time denies each and every allegation in the second sentence of Paragraph 30 of the Complaint, except admits that Jacob Time offers its own warranty. Jacob Time denies the allegation contained in the third sentence of Paragraph 30 of the Complaint.

31. Jacob Time denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 31 of the Complaint.

32. Jacob Time denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 32 of the Complaint and avers that Jacob Time has no information or belief that any of the watches it sells or has sold are "stolen watches."

33. Jacob Time denies the allegations set forth in Paragraph 33 of the Complaint, except admits that Plaintiff's attorneys sent Jacob Time a cease and desist letter dated November 7, 2011 and respectfully refers the Court to the referenced letter for the content thereof.

34. Jacob Time denies the allegations set forth in Paragraph 34 of the Complaint.

35. Jacob Time denies the allegations set forth in Paragraph 35 of the Complaint and respectfully refers the Court to the November 1, 2012 letter sent by Plaintiff to Jacob Time.

36. In response to Paragraphs 36 through 66 of the Complaint, Jacob Time respectfully refers the Court to its October 24th Order dismissing Plaintiff's First, Second, and Third Claims For Relief.

37. In response to Paragraph 67 of the Complaint, Jacob Time repeats and realleges its responses to Paragraphs 1 through 35 of the Complaint as if fully set forth herein.

38. Jacob Time denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 68 of the Complaint.

39. Jacob time denies the allegations set forth in Paragraph 69 of the Complaint.

40. Jacob Time denies the allegations set forth in Paragraph 70 of the Complaint.

41. Jacob Time denies the allegations set forth in Paragraph 71 of the Complaint.

42. Jacob Time denies the allegations set forth in Paragraph 72 of the Complaint.

43. Jacob Time denies the allegations set forth in Paragraph 73 of the Complaint.

44. In response to Paragraphs 74 through 78 of the Complaint, Jacob Time respectfully refers the Court to its October 24th Order dismissing Plaintiff's Fifth Claim For Relief.

45. In response to Paragraph 79 of the Complaint, Jacob Time repeats and realleges its responses to Paragraphs 1 through 35 of the Complaint as if fully set forth herein.

46. Jacob Time denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 80 of the Complaint and respectfully refers the Court to the referenced copyright registrations for the contents thereof.

47. Jacob Time denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 81 of the Complaint.

48. Jacob Time denies the allegations set forth in Paragraph 82 of the Complaint.

49. Jacob Time denies the allegations set forth in Paragraph 83 of the Complaint.

50. Jacob Time denies the allegations set forth in Paragraph 84 of the Complaint.

51. Jacob Time denies the allegations set forth in Paragraph 85 of the Complaint.

52. Jacob Time denies the allegations set forth in Paragraph 86 of the Complaint.

53. Jacob Time denies the allegations set forth in Paragraph 87 of the Complaint.

54. Jacob Time denies the allegations set forth in Paragraph 88 of the Complaint.

55. In response to Paragraphs 89 through 98 of the Complaint, Jacob Time respectfully refers the Court to its October 24th Order dismissing Plaintiff's Seventh and Eighth Claims For Relief.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

56. The Complaint and each and every remaining claim alleged therein fails to state a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

57. Plaintiff's claims are barred by the doctrine of laches.

### THIRD AFFIRMATIVE DEFENSE

58. Plaintiff's claims are barred by the applicable statute of limitations.

### FOURTH AFFIRMATIVE DEFENSE

59. Plaintiff's claims are barred by the First Sale Doctrine and/or by the doctrine of express or implied license.

WHEREFORE, Defendant Jacob Time, Inc. respectfully request that the Court:

    a. Dismiss the Second Amended Complaint with prejudice, and award judgment to Jacob Time;

    b. Pursuant to 17 U.S.C. § 505, award Jacob Time their reasonable attorneys fees and costs incurred in having to defend this action; and

c. For all such other and further relief as the Court deems just and proper.

Dated: New York, New York
       November 7, 2012

PRYOR CASHMAN LLP

By: _____
       William L. Charron
       Saritha C. Reddy
7 Times Square
New York, New York  10036
(212) 421-4100
*Attorneys for Defendant Jacob Time, Inc.*