UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| TECHNOMARINE SA, a Swiss Corporation,<br><br>                    Plaintiff,<br><br>   -vs-<br><br>JACOB TIME, INC., a New York Corporation; and DOES 1-10, inclusive,<br><br>                    Defendants. | Civil Action No. 12-cv-00790-KBF |

**PLAINTIFF TECHNOMARINE, SA'S MOTION FOR LEAVE TO FILE THIRD AMENDED COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES**

TO THE COURT, ALL PARTIES, AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that Plaintiff TechnoMarine SA hereby moves this Court for leave to file a Third Amended Complaint, attached hereto as Exhibit A, pursuant to Fed.R.Civ.P. 15(a)(2) and Fed.R.Civ.P. 20(a)(2).

PLEASE TAKE FURTHER NOTICE that, pursuant to this Court's Local Rule 6.1, any opposing affidavits and answering memoranda shall be served by **April 4, 2013**, and any reply affidavits and memoranda of law shall be served seven (7) days thereafter on or before **April 11, 2013**.

Dated:         March 21, 2013                    Respectfully Submitted,
               Los Angeles, California

                                                 /s/ Cindy Chan_____
                                                 Brent H. Blakely (BB1966)
                                                 Cindy Chan (CC1981)
                                                 Blakely Law Group
                                                 915 North Citrus Avenue
                                                 Hollywood, California 90038
                                                 Telephone: (323) 464-7400
                                                 Facsimile:  (323) 464-7410
                                                 ***Attorneys for Plaintiff TechnoMarine SA***

## MEMORANDUM OF POINTS AND AUTHORITIES

I. **INTRODUCTION**

The present action arises from Defendant Jacob Time, Inc,'s ("Jacob Time") unauthorized sale of TechnoMarine watches.  Jacob Time has since the beginning of the case, as evidenced by its serial motions to dismiss, relied on the First Sale Doctrine as a defense to Plaintiff TechnoMarine SA's ("TMSA") charges of trademark and copyright infringement.  After months of motion practice regarding the pleadings, this Court, on October 24, 2012, permitted TMSA to move forward on its claims for Copyright Infringement and Tortious Interference with Contractual Relation against Jacob Time.

TMSA promptly initiated discovery thereafter, and it was not until January 10, 2013 did TMSA finally discover the identities of Jacob Time's suppliers for its TechnoMarine products.  It was then that it was revealed that Jacob Time had indeed been obtaining its TechnoMarine watches from third parties who had never been authorized retailers or distributors of TechnoMarine products.  Since these third parties – ENE Ltd., Zygors, Inc., Timeworks International, Inc., Zuckers Gifts, and Tim Corp Of NJ, and Best Time Of NY, Inc. – are not authorized distributors or retailers of TechnoMarine products, TMSA is entitled to pursue the same claims against these entities as against Jacob Time.

On February 28, 2013, TMSA discovered for the first time that Jacob Time was actually only one out of many unauthorized TechnoMarine retailers operated by its parent corporation, Solar Time, Inc. ("Solar Time").  It was Solar Time that made all the purchases of TechnoMarine products for sale on Jacob Time's website as well as other websites operated by its other subsidiaries, Watch Grabber, Inc. and Ritz Watches International.  Thus, TMSA is entitled to pursue the same claims against Solar Time and its other subsidiaries now that TMSA has knowledge that these entities are engaged in the same conduct giving rise to the claims in this action as Jacob Time.

TMSA also learned through the February 28 deposition of Jacob Time, that despite advertising on its website that it "*receives all of [its] watches from authorized dealers and/or distributors*," Jacob Time does not actually take any steps to verify that any of its brand name watches, including TechnoMarine branded watches, actually come from authorized dealers and/or distributors.  Thus, while Jacob Time has insisted on the genuineness of its products, it has yet to this date provided any evidence that its TechnoMarine branded watches indeed came from an authorized source.  Thus, TMSA further seeks amendment to include trademark infringement claims based on Jacob Time's false advertising and false designations of origin.

Based on the foregoing, TMSA's Motion for Leave should be granted because said motion is not made with undue delay or bad faith (as said amendment is being requested within three months or less of discovering these new parties and facts giving rise to additional claims) and Defendant would not suffer any prejudice from the amendment as it would not require much additional discovery from Jacob Time itself. Furthermore, it is clear from Defendant's continued purchase and sale of TechnoMarine products since the filing of this lawsuit, that the present lawsuit has had no affect on Defendant's business.

If an amendment is not granted, Plaintiff will have to file separate actions against these new entities, thereby resulting in  piecemeal litigation which is an inefficient use of judicial and party resources.

## II.     STATEMENT OF FACTS

On February 1, 2012, TMSA filed its Complaint in the present action against Defendant Jacob Time, Inc. ("Jacob Time") alleging Trademark Infringement, False Designations of Origin, Trademark Dilution, Tortious Interference with Contractual Relations, and Unfair Competition arising from Jacob Time's unauthorized sale of TechnoMarine watches on its website – www.jacobtime.com.   (Declaration of Cindy Chan ("Chan Decl."), ¶ 2)

On March 14, 2012, Jacob Time filed a Motion to Dismiss TMSA's Complaint pursuant to Fed.R.Civ.P. 12(b)(6).  On April 4, 2012, TMSA responded by filing a First Amended Complaint in this action against Jacob Time alleging Trademark Infringement, False Designations of Origin, Trademark Dilution, Tortious Interference with Contractual Relations, Unfair Competition, and Copyright Infringement.  (Chan Decl., ¶ 3)

On May 4, 2012, Jacob Time filed a Motion to Dismiss TMSA's First Amended Complaint.  On June 22, 2012, the Court issued an Order granting Jacob Time's Motion with leave to amend.  (Chan Decl., ¶ 4)

On July 3, 2012, TMSA filed its Second Amended Complaint in this action against Jacob Time alleging Trademark Infringement, False Designations of Origin, Trademark Dilution, Tortious Interference with Contractual Relations, Unfair Competition, Copyright Infringement, Conversion, and Declaratory Relief.  (Chan Decl., ¶ 5)

On August 3, 2012, Jacob Time filed a Motion to Dismiss TMSA's Second Amended Complaint.  On October 24, 2012, the Court dismissed TMSA's trademark dilution and unfair competition claims with prejudice and further dismissed TMSA's trademark infringement and false designation of origin claims without prejudice, noting that "*should facts develop during discovery supportive of such claims, the Court may permit a motion to amend…*"  The only claims that remained were TMSA's Tortious Interference and Copyright Infringement Claims.  (see October 24, 2012 Order, Docket No. 41)

On October 25, 2012, the day after the order was issued, TMSA's counsel, Cindy Chan, contacted counsel for Jacob Time, William Charron and Saritha Reddy, and requested that they confer on scheduling and other matters in the case.  Ms. Chan thereafter conferred with Ms. Reddy the following week regarding scheduling regarding discovery and to prepare a scheduling order in anticipation of the Initial Pretrial Conference set by the Court to take place on November 9. 2012. (Chan Decl., ¶ 7)  On

November 1, 2012, TMSA promptly served its Initial Disclosures, First Set of Requests for Production and Special Interrogatories on Jacob Time. (Chan Decl., ¶ 8)

Central to each of Jacob Time's Motions to Dismiss was the First Sale Doctrine. While Jacob Time maintained that all their TechnoMarine products were genuine and that the First Sale Doctrine applied against TMSA's trademark infringement and copyright infringement claims, at no point did Jacob Time reveal the identity of its suppliers despite repeated requests by TMSA and its counsel. (Chan Decl., ¶ 9, Ex. 1)

On November 19, 2012, Jacob Time served its Initial Disclosures on TMSA. However, the identity of its suppliers were still not disclosed therein. In fact, it was not until January 10, 2013, when Jacob Time finally produced documents in connection with this matter were the identities of its suppliers revealed. (Chan Decl., ¶ 10)

Based upon the documents produced by Jacob Time, it appeared that it had obtained, through its parent corporation, Solar Time, Inc., its TechnoMarine branded watches from the following suppliers: ENE Ltd., Zygors, Inc., Timeworks International, Inc., Zuckers Gifts, Madison Jewelers, Allen M. Jewelers, Swiss Gold, Tim Corp Of NJ, and Best Time Of NY, Inc. With the exception of Madison Jewelers, Allen M. and Swiss Gold (all of which are operated by Allen M.), none of the other entities had ever been authorized TechnoMarine retailers or distributors. In fact, TechnoMarine had actions pending against ENE Ltd. and Giftports, Inc. (related entity of Zuckers Gifts) already for the sale of unauthorized TechnoMarine products. (Chan Decl., ¶ 11)

On January 23, 2013, TMSA issued a subpoena on TimeWorks International, Inc., as it appeared from the document production that a majority of the more recent TechnoMarine purchases seemed to originate from TimeWorks. To this date, TimeWorks has refused to comply with the requests set forth in the Subpoena. (Chan Decl., ¶ 12)

Jacob Time first produced its FRCP 30(b)(6) witness, Soly Chakalo, to testify on its behalf on February 28, 2013. (Chan Decl., ¶ 13, Ex. 2) It was not until this date that TMSA learned for the first time that Jacob Time's parent corporation, Solar Time, Inc.

actually operated its own online wholesale website as well as two additional websites separate from Jacob Time under two other subsidiaries – Watch Grabber, Inc. and Ritz Watches Corp.  (See Chakalo Transcript, 17:17 – 18:2 and 54:4 – 55:3)  TMSA also learned through Mr. Chakalo's testimony that although Jacob Time advertised its goods as coming from authorized sources, Jacob Time took no steps to verify whether or not the TechnoMarine goods they purchased actually came from an authorized source, either by asking the seller if they were authorized or requesting sanitized invoices.  (See Chakalo Transcript, 26:17 – 27:13; 31:8 – 25; 95:19 – 99:15)

### III.   PLAINTIFF IS ENTITLED TO LEAVE TO AMEND

Fed.R.Civ.P. 15(a) provides that leave to amend a pleading "shall be freely given when justice so requires." A motion to amend should be denied only for such reasons as "undue delay, bad faith, futility of the amendment, and perhaps most important, the resulting prejudice to the opposing party." [State Teachers Retirement Bd. v. Fluor Corp., 654 F.2d 843, 856 (2d Cir., 1981)]

#### A.   Amendment Is Not Sought After Undue Delay

Plaintiff's Motion to Amend is not sought after undue delay because Plaintiff did not discover the identity of Defendant's suppliers until January 10, 2013 (less than three months ago) and that Defendant's parent corporation had operated other subsidiaries who also engaged in the sale of unauthorized goods until February 28, 2013 (less than one month ago).

"Mere delay, ... absent a showing of bad faith or undue prejudice, does not provide a basis for the district court to deny the right to amend." [Id.; see also Howey v. United States, 481 F.2d 1187, 1190 (9th Cir., 1973) (Lumbard, J.) ("we know of no case where delay alone was deemed sufficient grounds to deny a Rule 15(a) motion to amend")]

Although Plaintiff filed its Initial Complaint more than a year ago, Defendant filed serial motions to dismiss and it was not until October 24, 2012 was Defendant required to file an Answer.  Plaintiff's counsel promptly served discovery thereafter on November 1,

2012. All the additional information giving rise to Plaintiff's proposed amended complaint is based upon information provided to Plaintiff on January 10, 2013 and thereafter. Seeking an amendment less than three months (or less) from the date such information was discovered can hardly be considered "undue delay."

In fact, courts have granted motions to amend in situations where far more time had elapsed. [See, e.g., State Teachers Retirement Bd., 654 F.2d at 845–46 (amendment allowed after three-year interval); Howey, 481 F.2d at 1188–89 (amendment allowed after five-year interval and on second day of trial); Middle Atl. Utils. Co. v. S.M.W. Dev. Corp., 392 F.2d 380, 383 (2d Cir., 1968) (amendment allowed after three-year interval and notice of trial readiness); Zeigan v. Blue Cross and Blue Shield, 607 F.Supp. 1434, 1438 (S.D.N.Y.1985) (amendment allowed after three-year interval); Green v. Wolf Corp., 50 F.R.D. 220, 223 (S.D.N.Y.1970) (amendment allowed after four-year interval)] Furthermore, the parties in such cases have been permitted to amend their pleadings to assert new claims long after they acquired the facts necessary to support those claims. [See, e.g., Middle Atl. Utils., 392 F.2d at 385 (plaintiff was aware of facts supporting new claims two years before filing of original complaint); Green, 50 F.R.D. at 223 (plaintiff was aware of facts asserted in amended complaint from outset of case); see generally Howey, 481 F.2d at 1191 ("the mere fact that the government could have moved at an earlier time to amend does not by itself constitute an adequate basis for denying leave to amend")]

### B. Plaintiff Does Not Seek Amendment in Bad Faith

An amendment enables a party "to assert matters that were overlooked or unknown ... at the time ... [of the] original complaint." [Sigma v. Dean Witter Reynolds, Inc. 766 F.2d 698, 703 (2d Cir., 1985) (internal quotation and citation omitted)]

Plaintiff has no other reason for seeking an amendment other than to get all claims arising from the same transactions/facts resolved in one case. As noted earlier, Plaintiff only learned of the new Defendants through discovery in this matter. In fact, had the

Court known from the beginning that Jacob Time did not actually obtain a majority of its TechnoMarine products from authorized distributors and that it Jacob Time never actually took any steps to verify the origins of these goods, TMSA's trademark claims would still stand.

### C. Amendment is Not Futile

An amendment is futile when the proposed new allegations would not state a viable claim, and thus the new claim would not withstand a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure. [See Milanese v. Rust–Oleum Corp., 244 F.3d 104, 110 (2d Cir., 2001)]

The Court has already sustained TMSA's tortious interference with contractual relations and copyright infringement claims, thus amending the complaint to include additional defendants who have been discovered to be potentially liable on these claims as they acted in concert with Jacob Time can hardly be futile. It is well settled that in order to prevail on a First Sale Doctrine defense, the burden is on Defendant to show an actual authorized first sale, which Jacob Time has not done in this case.

Although the Court had initially dismissed TMSA's trademark infringement and false designation of origin claims, TMSA is permitted to amend the complaint to include these claims again where such amendment was permitted in the Court's October 24, 2012 Order "should facts develop during discovery of such claims…" While Jacob Time's counsel has done everything possible to thwart discovery into this issue, including improperly instructing its witness to not answer any questions regarding authenticity at its deposition, TMSA discovered that while Jacob Time had advertised that all of its goods came from an authorized source, Jacob Time took no measures to verify that its TechnoMarine goods came from an authorized source. Discovery has revealed that Jacob Time in fact purchased a majority of its products from distributors who have never been authorized distributors or retailers of TechnoMarine.

### D. Defendant Will Not Suffer Prejudice

In the Second Circuit, a party is unduly prejudiced by an amendment to a complaint when the assertion of the new claim would: (i) require the opponent to expend significant additional resources to conduct discovery or prepare for trial; or (ii) significantly delay the resolution of the dispute. [Block v. First Blood Assocs., 988 F.2d 344, 350 (2d Cir., 1993)]  Neither would be the case here.

Firstly, Jacob Time would not be required to engage in "significant" additional discovery as a result of the amendment as a majority of it has already been done.  While addition of the trademark claims would require a minimal amount of additional discovery, the need for additional discovery does not alone constitute prejudice.  [Middle Atlantic Utils. Co. v. S.M.W. Dev. Corp., 392 F.2d 380, 386 (2d Cir., 1968); United States v. Continental Ill. Nat'l Bank & Trust Co., 889 F.2d 1248, 1255 (2d Cir. 1989); See e.g. Russell v. Hilton Int'l of Puerto Rico, Inc., 1995 U.S. Dist. LEXIS 5210, at *2-*3 (S.D.N.Y. Apr. 19, 1995) (allowing motion to amend and noting that prejudice could be avoided by extending discovery deadline); Bankers Trust Co. v. Weinick, Sanders & Co., 1993 WL 478124, at *8 (S.D.N.Y. Nov. 12, 1993) (same)]

As to the second factor, an amendment would not cause significant delay in the resolution of the lawsuit because the only discovery that really needs to be done is uncovering the sources from whom these additional defendants acquired TechnoMarine product – this will resolve any issues of authenticity and whether or not these goods came from an authorized source (which is key in determining applicability of first sale doctrine).

## IV. <u>CONCLUSION</u>

Based on the foregoing, Plaintiff requests this Court to GRANT leave to file its Third Amended Complaint.

Dated:	March 21, 2013	Respectfully Submitted,
	Los Angeles, California

/s/ Cindy Chan_____
Brent H. Blakely (BB1966)
Cindy Chan (CC1981)
Blakely Law Group
915 North Citrus Avenue
Hollywood, California 90038
Telephone: (323) 464-7400
Facsimile:  (323) 464-7410
***Attorney for Plaintiff TechnoMarine SA***