UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| TECHNOMARINE SA, a Swiss Corporation,<br><br>           Plaintiff,<br><br>     -vs-<br><br>JACOB TIME, INC., a New York Corporation; SOLAR TIME, INC., a New York Corporation; WATCH GRABBER, INC., a New York Corporation; RITZ WATCHES CORP., a New York Corporation; TIMEWORKS INTERNATIONAL, INC., a New York Corporation; TIM CORP OF NJ, a New Jersey Corporation; ZYGORS, INC., a New York Corporation; and DOES 1-10, inclusive,<br><br>           Defendants. | Civil Action No. 12-cv-00790-KBF |

## PLAINTIFF'S THIRD AMENDED COMPLAINT

Plaintiff **TechnoMarine SA** for its claims against Defendants **Jacob Time, Inc.**, **Solar Time, Inc.**, **Watch Grabber, Inc**., **Ritz Watches Corp**., **TimeWorks International, Inc.**, **Tim Corp of NJ**, and **Zygors, Inc.** (collectively "Defendants") respectfully alleges as follows:

### JURISDICTION AND VENUE

1.      Plaintiff files this action against Defendants for copyright infringement under 17 U.S.C. § 101, et. seq.  This Court has subject matter jurisdiction over the Federal trademark infringement and trademark dilution claims under 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338.

2. This Court has subject matter jurisdiction over the remaining claims pursuant to 28 U.S.C.A § 1367, since those claims are related to and arise from the same set of facts as Plaintiff's Lanham Act claims.

3. This Court has personal jurisdiction over Defendants because Defendants are incorporated and/or conduct business in the Southern District of New York.

4. Venue is proper under 28 U.S.C. §§ 1400(b), 1391(b) and (c), as the claims arose in this judicial district and Defendants are incorporated and/or do business in this judicial district.

## THE PARTIES

5. Plaintiff TechnoMarine SA (hereinafter "TMSA" or "Plaintiff") is a corporation organized and existing under the laws of Switzerland, with an office and place of business at 02 Rue de la Rotisserie, 1204-Geneva, Switzerland.

6. Upon information and belief, Defendant Jacob Time, Inc. is a corporation organized and existing under the laws of the state of New York with an office and principal place of business at 1123 Broadway, Suite 713, New York, New York 10010.

7. Upon information and belief, Defendant Solar Time, Inc. is a corporation organized and existing under the laws of the state of New York with an office and principal place of business at 1123 Broadway, Suite 718, New York, New York 10010.

8. Upon information and belief, Defendant Watch Grabbers, Inc. is a corporation organized and existing under the laws of the state of New York with an office and principal place of business at 87 Lancaster Avenue, Brooklyn, New York 11223.

9. Upon information and belief, Defendant Ritz Watches Corp. is a corporation organized and existing under the laws of the state of New York with an office and principal place of business at 87 Lancaster Avenue, Brooklyn, New York 11223.

10. Upon information and belief, Defendant TimeWorks International, Inc. is a corporation organized and existing under the laws of the state of New York with an office and principal place of business at 449 20th Street, Brooklyn, New York 11215.


11. Upon information and belief, Defendant Tim Corp of NJ is a corporation organized and existing under the laws of the state of New Jersey with an office and principal place of business at 1165 Marlkress Road, Unit J, Cherry Hill, New Jersey 08003.

12. Upon information and belief, Defendant Zygors, Inc. is a corporation organized and existing under the laws of the state of New York with an office and principal place of business at 9 Walton Street, Brooklyn, New York 11206.

13. Plaintiff is unaware of the names and true capacities of Defendants, whether individual, corporate and/or partnership entities, named herein as DOES 1 through 10, inclusive, and therefore sues them by their fictitious names.  Plaintiff will seek leave to amend this complaint when their true names and capacities are ascertained.  Plaintiff is informed and believes and based thereon alleges that said Defendants and DOES 1 through 10, inclusive, are in some manner responsible for the wrongs alleged herein, and that at all times referenced each was the agent and servant of the other Defendants and was acting within the course and scope of said agency and employment.

14. Plaintiff is informed and believe, and based thereon allege, that at all relevant times herein, Defendants and DOES 1 through 10, inclusive, knew or reasonably should have known of the acts and behavior alleged herein and the damages caused thereby, and by their inaction ratified and encouraged such acts and behavior.  Plaintiff further alleges that Defendants and DOES 1 through 10, inclusive, have a non-delegable duty to prevent or cause such acts and the behavior described herein, which duty Defendants and DOES 1 though 10, inclusive, failed and/or refused to perform.

### ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

*The TechnoMarine Brand*

15. TechnoMarine pioneered the concept of combining removable and interchangeable translucent covers and watchbands in an array of bright colors with

stainless steel diving watches creating a look that is modern and fun and watches that are unique and functional.

16.     Although purchased by divers for their functionality and accurateness, TechnoMarine has created a fashion niche for its extensive line of watches around the world, coveted by adults and teens alike.  In fact, when TechnoMarine launched its first watch named "Raft" back in 1997, it sold over 50,000 units during its first year in production.

17.     Plaintiff TMSA is the owner of various federal registrations for the word mark "TECHNOMARINE," as well as their TM logo shown below, and variations thereof (collectively "TechnoMarine Marks")



18.     TMSA has been designing, distributing and selling watches under the TechnoMarine Marks since early 1997.

19.     TMSA does not manufacture any TechnoMarine watches.  Rather, TMSA enters into agreements with specific manufacturers to make TechnoMarine watches, none of whom are located within the United States.

20.     In addition to its trademark registrations, Plaintiff owns the copyright registrations for the TM logo under U.S. Reg. No. VA 1-805-911 as well as for its TM Watch Dial (U.S. Reg. No. VA 1-807-470).

21.     In the short period of time since its inception, the TechnoMarine brand has evolved a product line to include more than 200 different styles of watches.

22.     Since 1997, TechnoMarine watches have generated hundreds of millions of dollars in worldwide sales at retail and has spent tens of millions of dollars in advertising.

23. TechnoMarine watches are sold and have been sold throughout the United States and the worldwide.

24. TechnoMarine watches are advertised nationally in consumer magazines such as Elle, Marie Claire, Glamour, GQ, Interview, Wired, W, Ocean Drive, In Style as well as in international publications worldwide.

25. The TechnoMarine Marks have come to identify, in the United States and throughout the world, high quality, fashionable watches designed and sold by TechnoMarine.

26. To ensure and maintain the high quality of TechnoMarine branded goods, genuine TechnoMarine® products are only sold through authorized channels.

27. TechnoMarine is the exclusive worldwide distributor of TechnoMarine branded watches. The sale of TechnoMarine branded products are strictly controlled by TechnoMarine and contractually permitted only through authorized retailers, most of which are not authorized to sell the products on the internet.

28. All of TMSA's authorized retailers have entered into agreements, whether oral, written, or implied, with TMSA in which they are expressly prohibited from transshipping and selling TechnoMarine branded products to unauthorized third party retailers and online retailers. Specifically, these agreements provide in pertinent part:

> *Retailer agrees that during the Term hereof it will ... Not consign, transship or sell Technomarine Products in any manner other than at retail in Retailer's Location, and Not sell TechnoMarine Products through the Internet, although Retailer shall be able to advertise the Products on Retailer's Internet site for Retailer's Location.*

An example of a TechnoMarine retailer agreement is attached hereto as Exhibit 1.

29. TechnoMarine watches are distributed throughout the world. TechnoMarine watches that are distributed abroad are generally not permitted to be resold in the United States and vice versa.

### *Defendants' Unauthorized Sale of TechnoMarine Branded Products*

30. Upon information and belief, Defendant Jacob Time, Inc. ("Jacob Time") is a watch distributor in New York, New York that offers premium brand watches at discounted prices via its website – www.jacobtime.com.

31. On its website, Defendant Jacob Time advertises to the public that they "*receive all of [their] watches from authorized dealers and/or distributors*," and that all of their watches "*are brand new and authentic with all original parts, including the manufacturers box and all tags and documents*."  Attached hereto and incorporated herein as Exhibit 2 are select screenshots of Jacob Time's website (www.jacobtime.com).

32. In or around 2011, TMSA obtained a watch from www.jacobtime.com.  Contrary to Jacob Time's representations that the watches included "*all original parts, including the manufacturers box and all tags and documents*," the TechnoMarine watch that TMSA purchased from Jacob Time did not even include TMSA's warranty card, which typically accompanies all genuine TechnoMarine watches.

33. Upon information and belief, Jacob Time offers its own warranty on the watches it sells to consumers.  (See Exhibit 2)  Jacob Time's warranty is not as comprehensive as that offered by TMSA itself.  In fact, Jacob Time, not being an authorized dealer of TechnoMarine products, would not have access to replacement parts and thus would not be able to fulfill a warranty in accordance with TMSA's quality control procedures.

34. On or about November 7, 2011, Plaintiff's attorneys sent a cease and desist letter to Jacob Time which set forth Plaintiff's rights to the TechnoMarine Marks.  This letter further informed Jacob Time that Plaintiff's distributors/retailers are prohibited from transshipping and/or reselling any TechnoMarine branded products to any other retailers, and that Jacob Time's continued purchase of TechnoMarine branded products from Plaintiff's distributors/retailers would render it liable for tortious interference with

TMSA's contracts with said distributors/retailers. Attached hereto and incorporated herein as <u>Exhibit 3</u> is a true and correct copy of the November 7, 2011 letter.

35. Despite having been given notice to cease and desist from its improper acquisition and deceptive promotion and sale of TechnoMarine branded products, Jacob Time has continued to wrongfully purchase, advertise, promote, offer for sale, and/or sell watches bearing the TechnoMarine Marks on its website.

36. It has recently come to Plaintiff's attention that Jacob Time's parent corporation, Defendant Solar Time, Inc. ("Solar Time"), is the purchaser of the unauthorized TechnoMarine products at issue and that Solar Time has additional subsidiaries – Defendants Watch Grabber, Inc. and Ritz Watches Corp. – through which it advertises, offers for sale, and sells unauthorized TechnoMarine branded watches.

37. Upon information and belief, Defendant Solar Time has obtained TechnoMarine branded watches from various sources, many of whom have never been authorized distributors/retailers of TechnoMarine products, including Defendants TimeWorks International, Inc., Tim Corp of NJ, and Zygors, Inc.

38. None of the Defendants named in this action have ever been authorized distributors and/or retailers of TMSA nor have they ever received permission from TMSA to import, manufacture, distribute, advertise, sell or offer for sale products bearing any of TMSA's trademarks and/or copyrighted works.

39. Upon information and belief, each and everyone one of the named Defendants have actual knowledge of TMSA's contractual restrictions on its distributors and retailers that prohibit the reselling and transshipping of TechnoMarine products to other retailers and/or distributors.

## FIRST CLAIM FOR RELIEF
### (Copyright Infringement as to All Defendants)

40. Plaintiff incorporates herein by reference the averments of the preceding paragraphs as though fully set forth herein.

41. Plaintiff owns copyright registrations for the TM logo (shown below) under U.S. Reg. No. VA 1-805-911 as well as for its TM Watch Dial (U.S. Reg. No. VA 1-807-470) (collectively "TechnoMarine Copyrights").



42. The TM logo is featured on all TechnoMarine products.

43. Products sold by Defendants bear one or more of the TechnoMarine Copyrights. None of the named Defendants are authorized distributors or retailers of TechnoMarine branded products.

44. Upon information and belief, Defendants have knowingly infringed upon said design by importing, manufacturing, distributing, advertising, and selling piratical copies of the design to the public in violation of 17 U.S.C. § 501.

45. Upon information and belief, Defendants have intentionally, knowingly and willfully copied one or more of the TechnoMarine Copyrights in order to personally benefit from the widespread customer recognition and acceptance of said copyrighted works and to capitalize upon the market created by said designs.

46. Defendants' infringement of the TechnoMarine Copyrights is to the great and irreparable damage of Plaintiff, and Plaintiff is informed and believe, as indicated, that Defendants will continue such infringement unless enjoined by this Court.

47. Plaintiff has suffered loss of profits and other damage, and Defendants have earned illegal profits in an amount to be proven at trial as the result of the aforesaid acts of Defendants.

48. Plaintiff has no adequate remedy at law.

49. In light of the foregoing, Plaintiff is entitled to injunctive relief prohibiting Defendants from using the TechnoMarine Copyrights or any designs identical and/or substantially similar thereto for any purpose, and to recover from Defendants all

damages, including attorneys' fees, that Plaintiff has sustained and will sustain as a result of such infringing acts, and all gains, profits and advantages obtained by Defendants as a result thereof, in an amount not yet known, as well as the costs of this action pursuant to 17 U.S.C. § 504(b), or in the alternative statutory damages pursuant to 17 U.S.C. § 504(c), and/or any additional damages pursuant to 17 U.S.C. § 504(d).

## SECOND CLAIM FOR RELIEF
### (Trademark Infringement – 15 U.S.C. § 1114)

50. Plaintiff incorporates herein by reference the averments of the preceding paragraphs as though fully set forth herein.

51. Plaintiff TechnoMarine SA is the owner of the TechnoMarine Marks, registrations for which include but are not limited to U.S. Reg. Nos. 2,932,608; 2,729,732; and 2,719,863.

52. Defendants are not authorized distributors of TechnoMarine watches and thus the watches sold by Defendants are not genuine. In the event that these watches are proven to have originated from an authorized source, Defendants are still liable for trademark infringement because Defendants' TechnoMarine branded products have not undergone the same quality control procedures as genuine products sold through authorized channels. Furthermore, Defendants' products are not accompanied by the same labels and tags as genuine products. Finally, Defendants do not, and cannot, offer the same warranty as that which accompanies genuine TechnoMarine products that are purchased from authorized retailers.

53. Defendants have also altered, repackaged, and displayed the unauthorized TechnoMarine goods in an inferior manner that is confusing to the public and damaging to TechnoMarine's trademark and reputation.

54. Defendants' unauthorized use of Plaintiff's TechnoMarine Marks in interstate commerce and advertising relating to same constitutes false designation of origin and a false representation that the goods are manufactured, offered, sponsored,

authorized, licensed by or otherwise connected with Plaintiff, or come from the same source as Plaintiff's goods, and thus are of the same quality as that assured by the TechnoMarine Marks.

55. Defendants' sale of TechnoMarine branded products is without Plaintiff's permission or authority and in total disregard of Plaintiff's rights to control its trademarks.

56. Defendants' activities are likely to lead to and result in confusion, mistake or deception, and are likely to cause the public to believe that Plaintiff has produced, sponsored, authorized, licensed or are otherwise connected or affiliated with Defendants' commercial and business activities, all to the detriment of Plaintiff.

57. Upon information and belief, Defendants' acts are deliberate and intended to confuse the public as to the source of Defendants' goods or services and to injure Plaintiff and reap the benefit of Plaintiff's goodwill associated with the TechnoMarine Marks.

58. As a direct and proximate result of Defendants' willful conduct, Plaintiff has been injured and will continue to suffer injury to their business and reputation unless Defendants are restrained by this Court from infringing the TechnoMarine Marks.

59. Plaintiff has no adequate remedy at law.

60. In light of the foregoing, Plaintiff is entitled to injunctive relief prohibiting Defendants from using the TechnoMarine Marks for any purpose, and to recover from Defendants all damages, including attorneys' fees, that Plaintiff has sustained and will sustain as a result of such infringing acts; all gains, profits and advantages obtained by Defendants as a result thereof, in an amount not yet known; the costs of this action pursuant to 15 U.S.C. § 1117(a); attorneys' fees and treble damages pursuant to 15 U.S.C. § 1117(b), and/or statutory damages pursuant to 15 U.S.C § 1117(c).

## THIRD CLAIM FOR RELIEF

### (False Designations of Origin and False Descriptions – 15 U.S.C. § 1125(a))

61. Plaintiff incorporates herein by reference the averments of the preceding paragraphs as though fully set forth herein.

62. Defendants' unauthorized use of Plaintiff's TechnoMarine marks on its merchandise in interstate commerce and advertising relating to same constitutes false designation of origin and a false representation that the goods are manufactured, offered, sponsored, authorized, licensed by or otherwise connected with Plaintiff or come from the same source as Plaintiff's goods when in fact they do not.

63. Defendants' use of Plaintiff's TechnoMarine Marks is without Plaintiff's permission or authority and in total disregard of Plaintiff's rights to control its trademarks.

64. Defendants' activities are likely to lead to and result in confusion, mistake or deception, and are likely to cause the public to believe that Plaintiff has produced, sponsored, authorized, licensed or is otherwise connected or affiliated with Defendants' commercial and business activities, all to the detriment of Plaintiff.

65. Plaintiff has no adequate remedy at law.

66. In light of the foregoing, Plaintiff is entitled to injunctive relief prohibiting Defendants from using Plaintiff's TechnoMarine Marks, or any marks and/or designs identical and/or confusingly similar thereto, and to recover all damages, including attorneys' fees, that Plaintiff has sustained and will sustain, and all gains, profits and advantages obtained by Defendants as a result of their infringing acts alleged above in an amount not yet known, and the costs of this action.

## FOURTH CLAIM FOR RELIEF

### (Tortious Interference With Existing Contractual Relations)

67. Plaintiff incorporates herein by reference the averments of the preceding paragraphs as though fully set forth herein.

68.     At all relevant times, Plaintiff has had valid agreements with its authorized distributors/retailers, in which they are expressly prohibited from transshipping and selling TechnoMarine® products to any other resellers or retailers, such as Defendants.

69.     At all relevant times, Defendants have had actual knowledge of Plaintiff's agreements with its distributors/retailers, and specifically of the aforementioned resale restrictions in said agreements.

70.     To the extent that Defendants have sold TechnoMarine branded products which Defendants purchased from authorized distributors/retailers, Defendants have intentionally interfered with TechnoMarine's agreements with its authorized distributors/retailers by inducing and/or conspiring to induce said distributors/retailers to breach their agreements with TechnoMarine by intentionally and improperly procuring from them the contractually prohibited sale of TechnoMarine branded products for itself.

71.     Upon information and belief and to the extent Defendants obtained its TechnoMarine branded products from authorized distributors/retailers, Defendants solicited and/or instructed and/or aided in the solicitation of Plaintiff's authorized distributors/retailers in order to obtain TechnoMarine branded products from them for resale to consumers.  In doing so, Defendants knew or was substantially certain that its purchase of said goods from Plaintiff's distributors/retailers would result in a breach of their agreements with Plaintiff.

72.     Defendants' acts have caused and, unless restrained by this Court, will continue to cause Plaintiff and the public to suffer great and irreparable damage and injury.  Plaintiff has no adequate remedy at law.

73.     Plaintiff has suffered damaged, and Defendants have earned illegal profits, in an amount to be proven at trial, as the result of the aforesaid acts of Defendants.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully prays that this Court enter judgment in its favor and against Defendants as follows:

      A.      Granting temporary, preliminary and permanent injunctive relief restraining Defendants, their agents, servants, employees, officers, associates, attorneys, and all persons acting by, through, or in concert with any of them, from:

      (1)      Distributing, advertising, offering for sale, and/or sell TechnoMarine-branded products;

      (2)      Using any of the TechnoMarine Copyrights, including the TM logo, in connection with the manufacturing, distribution, advertising, offering for sale, and/or sale of merchandise;

      B.      Ordering Defendants to return all TechnoMarine-branded products in its possession ,custody, or control that were improperly obtained by Defendants;

      C.      Awarding compensatory, incidental, and consequential damages suffered by Plaintiff as a result of Defendants' acts;

      D.      Ordering an accounting by Defendants of all gains, profits and advantages derived from their wrongful acts;

      E.      Ordering Defendants to disgorge its profits;

      F.      Awarding Plaintiff all of Defendants' profits and all damages sustained by Plaintiff as a result of Defendants' wrongful acts, and such other compensatory damages as the Court determines to be fair and appropriate;

      G.      Awarding applicable interest, costs, disbursements and attorneys' fees;

      H.      Awarding Plaintiff punitive damages;

      I.      Awarding Plaintiff such other and further relief as the Court deems just and proper.

Dated:      March 21, 2013      Respectfully Submitted,
            Los Angeles, California

                                            _____
                                            Brent H. Blakely (BB1966)
                                            Cindy Chan (CC1981)
                                            Blakely Law Group
                                            915 North Citrus Avenue

        Hollywood, California 90038
        Telephone: (323) 464-7400
        Facsimile:  (323) 464-7410
        *Attorney for Plaintiff TechnoMarine SA*

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff TechnoMarine SA hereby demands a trial by jury of all claims in this litigation.

Dated:    March 21, 2013    Respectfully Submitted,
           Los Angeles, California

        _____
        Brent H. Blakely (BB1966)
        Cindy Chan (CC1981)
        Blakely Law Group
        915 North Citrus Avenue
        Hollywood, California 90038
        Telephone: (323) 464-7400
        Facsimile:  (323) 464-7410
        *Attorney for Plaintiff TechnoMarine SA*