**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| TECHNOMARINE SA, a Swiss Corporation,<br><br>Plaintiff,<br><br>-vs-<br><br>JACOB TIME, INC., a New York Corporation; and DOES 1-10, inclusive,<br><br>Defendants. | Civil Action No. 12-cv-00790-KBF |

## DECLARATION OF CINDY CHAN IN OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

## DECLARATION OF CINDY CHAN

I, CINDY CHAN, declare as follows:

1. I am an attorney at Blakely Law Group, counsel for Plaintiff TechnoMarine SA ("TMSA") in the present action. I have personal knowledge of the matters set forth herein, and if called upon as a witness could competently testify thereto.

2. On November 7, 2011, I, on behalf of TMSA, served a cease and desist letter on Jacob Time, Inc. regarding its unauthorized sale of TechnoMarine branded products. See Declaration of William Charron, Ex. F (Docket No. 57-7).

3. On February 1, 2012, TMSA filed its Complaint in the present action against Defendant Jacob Time, Inc. ("Jacob Time") alleging Trademark Infringement, False Designations of Origin, Trademark Dilution, Tortious Interference with Contractual Relations, and Unfair Competition arising from Jacob Time's unauthorized sale of TechnoMarine watches on its website – www.jacobtime.com ("Jacob Time Website". Attached hereto and incorporated herein as Exhibit 1 is a true and correct copy of the Complaint filed by TMSA with this Court on February 1, 2012.

4. Defendant was served with the Summons and Complaint on February 7, 2011. Attached hereto and incorporated herein as Exhibit 2 is a true and correct copy of the Affidavit of Service of the Summons and Complaint on Defendant Jacob Time.

5. On August 7, 2012, my assistant purchased a TechnoMarine watch from the Jacob Time Website. Attached hereto and incorporated herein as Exhibit 3 is a true and correct copy of the receipt and shipping label for said watch.

6. On or about January 10, 2013, Defendant's counsel produced various documents in connection with the present action, including documents Bates Nos. JT 000001 - 000946. It was not until this point that the identities of Defendant's suppliers were revealed.

7. Jacob Time has earned revenues and profits from the sale of TechnoMarine products. Documents Bates No. JT 000310 – 000946 are documents evidencing the sale

of TechnoMarine Products on www.jacobtime.com to consumers since 2009.  Attached hereto and incorporated herein as Exhibit 4 are true and correct copies of documents produced as JT 000310 – 000946.

8. Jacob Time has also earned revenues and profits from the sale of TechnoMarine Products via sales on eBay.  (See Chakalo Depo, Ex. P19)

9. On January 23, 2013, TMSA issued a subpoena on TimeWorks International, Inc., as it appeared from the document production that a majority of the more recent TechnoMarine purchases seemed to originate from TimeWorks. To this date, TimeWorks has refused to comply with the requests set forth in the Subpoena.

10. On February 28, 2013, I took the deposition of Soly Chakalo, the designated person to testify on behalf of Jacob Time pursuant to TMSA' FRCP 30(b)(6) deposition notice.  Attached hereto and incorporated herein as Exhibit 5 are relevant portions of Mr. Chakalo's deposition transcript.

11. Jacob Time continues to offer for sale TechnoMarine watches on its website to date and continues to advertise that all of its brand name watches come from authorized retailers.  Attached hereto and incorporated  herein as Exhibit 6 are printouts from www.jacobtime.com dated March 29, 2013.

12. Attached hereto and incorporated herein as Exhibit 7 is the Notice of Errata to Steve Cohen's deposition transcript.

13. Plaintiff believes that summary judgment is not ripe for review here where there is still no information with regards to where Jacob Time's unauthorized distributors obtained their TechnoMarine products.  This information is critical to the determination of whether or not Defendant can rely on First Sale Doctrine.  It may even turn out that the goods Jacob Time had been purchasing/distributing were in fact counterfeit.  Furthermore, these entities may have information regarding communications with Jacob Time and whether Jacob Time was indeed as unaware of TechnoMarine's authorized

dealers as Jacob Time has insisted, which would be relevant to TechnoMarine's tortious interference claims.

14. Plaintiff needs to obtain discovery into these entities via subpoenas and/or by adding these entities into this action. Indeed, pending before this Court is a Motion to Amend to include Jacob Time's unauthorized suppliers. Discovery into these matters is necessary to fully determine whether or not summary judgment would be appropriate here.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 29th day of March 2013 in Los Angeles, California.

_____
Cindy Chan